STATE OF NORTH CAROLINA v. ARTHUR WILLIAMS VERRIER

No. COA04-601

(Filed 6 September 2005)

**1. Indecent Liberties— purpose arousing or gratifying sexual desire—sufficiency of evidence**

There was sufficient evidence that an indecent liberties defendant acted for the purpose of arousing or gratifying sexual desire where the victim testified about tickling sessions in which she was touched inappropriately.

**2. Appeal and Error— plain error—asserted in brief—not supported**

Defendant's plain error assertion did not preserve certain issues for appeal where he did not support the bare assertion that the error was so fundamental that justice could not have been done.

**3. Appeal and Error— plain error—failure to cite authority**

A plain error argument was deemed abandoned where defendant did not cite any authority to support his argument.

**4. Constitutional Law— effective assistance of appellate counsel—portions of trial not recorded**

It is beyond the function of the Court of Appeals to modify statutory law concerning recordation of all trial proceed-

**STATE v. VERRIER**

[173 N.C. App. 123 (2005)]

ings, and defendant's assignment of error concerning effective assistance of appellate counsel where trial counsel did not move for recordation was overruled. N.C.G.S. § 15A-1241(a) and (b).

**5. Appeal and Error— motion for appropriate relief on appeal—issue of fact—inadequate materials for decision**

A motion for appropriate relief filed in the Court of Appeals was dismissed (without prejudice to filing a new motion in superior court) where the materials filed with the motion were insufficient for the Court of Appeals to render a decision.

**6. Sentencing— aggravating factor—*Blakely* error—harmless error not applicable**

An indecent liberties conviction was remanded for resentencing where the judge unilaterally found an aggravating factor. Harmless error analysis does not apply to *Blakely* Sixth Amendment violations.

Appeal by defendant from judgment entered 21 October 2003 by Judge Lindsay R. Davis, Jr., in Forsyth County Superior Court. Heard in the Court of Appeals 12 January 2005.[1]

*Attorney General Roy Cooper, by Assistant Attorney General Jennie Wilhelm Mau, for the State.*

*M. Alexander Charns for defendant-appellant.*

TIMMONS-GOODSON, Judge.

Arthur Williams Verrier ("defendant") appeals his convictions for taking indecent liberties with a child, obtaining habitual felon status, three counts of third-degree sexual exploitation of a minor, and failure to register as a sex offender. For the reasons stated herein, we hold that defendant received a trial free of prejudicial error, but we remand the case for resentencing.

The State's evidence presented at trial tends to show the following: In September and October of 2002, defendant lived with his

---

1. By order of this Court, the filing of this opinion was delayed pending our Supreme Court's decision in *State v. Allen*, 359 N.C. 425, 615 S.E.2d 256 (Filed 1 July 2005) (No. 485PA04).

**STATE v. VERRIER**

[173 N.C. App. 123 (2005)]

niece, Lisa,[2] and her daughter, Kim,[3] in Winston-Salem, North Carolina. Kim was in the first grade, and she ordinarily went to the home of her grandmother, Karen,[4] for after-school care while Lisa was at work. Defendant babysat Kim approximately three nights when Lisa had to work in the evening. Defendant also spent time at Karen's residence, which was located on the same street as Lisa's residence.

On or about 2 October 2002, Karen awoke in the middle of the night and saw defendant viewing something on the computer. The following day, Karen found pictures on the computer. Karen brought the pictures to Lisa's attention. Lisa and Karen then engaged in a conversation with Kim, during which Kim told Lisa and Karen that she and defendant "play[ed] the tickle game." Kim demonstrated the game as starting with tickling her leg and continuing with tickling her vaginal area. At that time, Lisa and Karen called the police.

Corporal S.E. Spencer ("Corporal Spencer") of the Winston-Salem Police Department responded to the call. Corporal Spencer interviewed Kim, and he recalled the following pertinent details of the interview:

I asked [Kim] if [defendant] had ever touched her and she said yes, he had touched her on her private parts. When she made that statement, [Kim] reached, as she started making the statement, almost immediately reached down and touched with an open hand over her groin area directly above her vagina and said that he had touched her private parts.

Kim's case was assigned to Juvenile Detective Natashia James ("Detective James"). Detective James interviewed Kim, and she answered Detective James's questions consistent with her statements to Lisa, Karen, and Corporal Spencer.

Defendant was subsequently arrested, and, on 6 January 2003, indicted for taking indecent liberties with Kim. On 24 March 2003, defendant was indicted for failure to register as a sex offender. On 2 June 2003, defendant was indicted for obtaining habitual felon status.

---

2. For the purposes of this opinion, we will refer to defendant's niece by the pseudonym "Lisa."

3. For the purposes of this opinion, we will refer to the minor child by the pseudonym "Kim."

4. For the purposes of this opinion, we will refer to Lisa's mother and defendant's sister by the pseudonym "Karen."

On 20 October 2003, defendant was indicted for three counts of third-degree sexual exploitation of a minor.

Defendant was tried for the indecent liberties charge on 20 October 2003. At trial, the State presented evidence from Kim, Corporal Spencer, Karen, Lisa, and Detective James. Defendant presented no evidence. On 21 October 2003, the jury found defendant guilty of taking indecent liberties with Kim. Defendant subsequently pled guilty to the charges of failing to register as a sex offender, obtaining habitual felon status, and three counts of third-degree sexual exploitation of a minor. The trial court thereafter found as an aggravating factor to the taking of indecent liberties offense that defendant took advantage of a position of trust or confidence to commit the offense, and the trial court sentenced defendant to a total of 120 to 153 months imprisonment. Defendant appeals.

The issues on appeal are whether the trial court erred by: (I) denying defendant's motion to dismiss the charge of taking indecent liberties with a child; (II) allowing prosecution witnesses to render prejudicial testimony; (III) failing to grant a mistrial; and (IV) failing to record jury selection, bench conferences, and the attorneys' opening and closing arguments.

[1] Defendant first argues that the trial court erred by denying his motion to dismiss the charge of taking indecent liberties with a child. Defendant asserts that the State failed to demonstrate that defendant acted for the purpose of arousing or gratifying sexual desire. We disagree.

In considering a motion to dismiss, the trial court must examine the evidence in the light most favorable to the State and give the State the benefit of every reasonable inference that may be drawn from the evidence. *State v. Benson*, 331 N.C. 537, 544, 417 S.E.2d 756, 761 (1992). The standard of review for a motion to dismiss based on insufficiency of the evidence is "the substantial evidence test." *State v. Jones*, 110 N.C. App. 169, 177, 429 S.E.2d 597, 602 (1993), *cert. denied*, 336 N.C. 612, 447 S.E.2d 407 (1994). Substantial evidence is defined as the amount of "relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *State v. Smith*, 300 N.C. 71, 78-79, 265 S.E.2d 164, 169 (1980).

N.C. Gen. Stat. § 14-202.1(a)(1) (2003) provides the elements of taking indecent liberties with a child as follows:

A person is guilty of taking indecent liberties with children if, being 16 years of age or more and at least five years older than the child in question, he . . . [w]illfully takes or attempts to take any immoral, improper, or indecent liberties with any child of either sex under the age of 16 years for the purpose of arousing or gratifying sexual desire[.]

"With regard to evidence that the touching by [the] defendant was for the purpose of arousal or sexual gratification, this Court has held that a defendant's purpose, being a mental attitude, is seldom provable by direct evidence and must ordinarily be proven by inference." *State v. Rogers*, 109 N.C. App. 491, 505, 428 S.E.2d 220, 228 (citation and quotation marks omitted), *cert. denied*, 334 N.C. 625, 435 S.E.2d 348 (1993). This element "may be inferred from the evidence of the defendant's actions." *State v. Rhodes*, 321 N.C. 102, 105, 361 S.E.2d 578, 580 (1987).

In *Rogers*, where the evidence tended to show that the defendant touched the chest and vaginal area of a five-year-old child while alone in a bathroom, we held that sufficient evidence existed "to permit the jury to infer that [the] defendant's purpose in doing so was to arouse himself or to gratify his sexual desire." 109 N.C. App. at 505-06, 428 S.E.2d at 229. In the instant case, Kim testified on direct examination that defendant "tickle[d]" her "[t]wo or three" times in her "private[,]" and that it felt "[b]ad." Kim testified that defendant tickled her "[m]aybe [in] the living room[,]" and that as he was tickling her leg, defendant would "start going up . . . . [t]o [her] private." We conclude that this evidence, when viewed in the light most favorable to the State, tends to show that defendant touched Kim inappropriately in her "private" area, under the pretext of tickling her. Thus, because the State presented sufficient evidence tending to show that defendant acted for the purpose of arousing or gratifying sexual desire, there was substantial evidence of indecent liberties with a child. Accordingly, we conclude that the trial court did not err by denying defendant's motion to dismiss the charge of taking indecent liberties with Kim.

[2] Defendant next argues that the trial court erred by allowing the introduction of prejudicial evidence and by not inquiring as to whether the jurors were influenced by an inquiry made to them outside the courtroom. We note initially that, "[i]n criminal cases, a question which was not preserved by objection noted at trial and which is not deemed preserved by rule or law without any such action, nevertheless may be made the basis of an assignment of error where the

judicial action questioned is specifically and distinctly contended to amount to plain error." N.C.R. App. P. 10(c)(4) (2005). In the instant case, defendant asserts in his brief that the trial court committed plain error by allowing Karen to describe the images she saw on the computer. Defendant also asserts that his trial was prejudiced by an inquiry of four jurors "about the location of a court case for a sexual assault case by a family member." However, defendant "provides no explanation, analysis or specific contention in his brief supporting the bare assertion that the claimed error is so fundamental that justice could not have been done[,]" *State v. Cummings*, 352 N.C. 600, 636, 536 S.E.2d 36, 61 (2000), *cert. denied*, 532 U.S. 997, 149 L. Ed. 2d 641 (2001), or that "absent the error, the jury probably would have reached a different verdict[.]" *State v. King*, 342 N.C. 357, 365, 464 S.E.2d 288, 293 (1995). "The right and requirement to specifically and distinctly contend an error amounts to plain error does not obviate the requirement that a party provide argument supporting the contention" that the trial court's actions amounted to plain error as required by N.C.R. App. P. 28(a) and (b)(6). *Cummings*, 352 N.C. at 636, 536 S.E.2d at 61.

> To hold otherwise would negate those requirements, as well as those in Rule 10(b)(2). [A] defendant's empty assertion of plain error, without supporting argument or analysis of prejudicial impact, does not meet the spirit or intent of the plain error rule. By simply relying on the use of the words "plain error" as the extent of his argument in support of plain error, [the] defendant has effectively failed to argue plain error and has thereby waived appellate review.

*Id.* at 636-37, 536 S.E.2d at 61 (citations omitted). Accordingly, after reviewing the record in the instant case, we conclude that defendant has waived any right to pursue these arguments on appeal.

[3] Defendant next argues that the trial court erred by failing to declare a mistrial based upon (i) Karen's testimony about defendant's prior conviction, (ii) the failure to sequester witnesses, and (iii) the contact between members of the jury and a member of Kim's family. Although defendant did not move for a mistrial upon such grounds at trial, on appeal, he asserts that it was plain error for the trial court not to grant a mistrial on its own motion. However, our appellate courts have applied plain error review only to those questions involving jury instructions or the admissibility of evidence. *See State v. Childress*, 321 N.C. 226, 234, 362 S.E.2d 263, 268 (1987). Plain error review does

not apply to decisions made at the trial judge's discretion. *See State v. Steen*, 352 N.C. 227, 256, 536 S.E.2d 1, 18 (2000). In the instant case, defendant fails to cite any authority supporting his argument that this Court should review under plain error the trial court's failure to exercise its discretion *ex mero motu* on the question of a mistrial. Accordingly, we deem this argument abandoned.

**[4]** Defendant next argues that his rights to due process and effective assistance of appellate counsel were violated by the failure of his trial counsel to request that the trial court record jury selection, bench conferences, and the attorneys' opening and closing arguments at trial. We cannot agree.

N.C. Gen. Stat. § 15A-1241(a) and (b) (2003) provide for the recordation of trial proceedings as follows:

  (a) The trial judge must require that the reporter make a true, complete, and accurate record of all statements from the bench and all other proceedings *except*:

    (1) Selection of the jury in non capital cases;

    (2) Opening statements and final arguments of counsel to the jury; and

    (3) Arguments of counsel on questions of law.

  (b) *Upon motion of any party* or on the judge's own motion, proceedings excepted under subdivisions (1) and (2) of subsection (a) must be recorded.

(emphasis added).

In *State v. Cummings*, 332 N.C. 487, 422 S.E.2d 692 (1992), the defendant argued that § 15A-1241 applied to off-the-record bench conferences. Our Supreme Court declined to expand the statute to include bench conferences, concluding that

the enactment of this statute by the legislature in 1977 was [not] intended to change the time-honored practice of off-the-record bench conferences between trial judges and attorneys. If the legislature had intended to make such a radical change in trial procedure, we feel confident it would have done so explicitly.

*Id.* at 498, 422 S.E.2d at 698.

In the instant case, there is no evidence in the record that defendant made a motion for the jury selection, bench conferences, and

opening and closing statements to be recorded. Defendant's brief contains the following contention:

> Defendant requests a modification or change of law to provide a per se rule granting a new trial where counsel neither requests nor the trial court requires that the entire trial, jury selection, arguments of counsel and bench conferences are recorded. The lack of a transcript for portions of his trial denied [defendant] the complete assistance of appellate counsel and consequently, deprived him of the most complete appellate review by this Court.

We recognize that appellate counsel may be at a disadvantage when preparing an appeal for a case in which he did not participate at the trial level, as appellate counsel is somewhat bound by the decisions and strategies of trial counsel. However, this Court cannot grant defendant the relief he seeks on this issue. It is outside the realm of this Court's function as the judiciary to modify statutory law. That role is reserved for the legislature. Accordingly, this argument is overruled.

[5] In two motions for appropriate relief filed with his appeal, defendant challenges the constitutionality of the sex offender registration statute as applied to him as well as the trial court's decision to sentence him in the aggravated range.[5] Defendant first asserts that N.C. Gen. Stat. § 14-208.11, which imposes a criminal penalty upon those individuals who have a reportable conviction but fail to register as sex offenders, is unconstitutional as applied to him. In *State v. Bryant*, 359 N.C. 554, 614 S.E.2d 479 (2005), our Supreme Court recently examined the constitutionality of N.C. Gen. Stat. § 14-208.11 as applied to an out-of-state sex offender who failed to register upon moving to North Carolina. In that case, the defendant was a convicted sex offender in South Carolina who was notified while serving his sentence that he had a duty to register with the State of South Carolina upon his release from prison. The defendant signed a form in which he acknowledged that he had been notified, orally and in writing, of his lifelong duty to register within the state. Although the defendant notified the State of South Carolina of his subsequent moves within South Carolina following his release, he failed to notify either the State of South Carolina or the

---

5. In related arguments, defendant requests this Court grant him relief due to his trial counsel's failure to provide him with effective assistance of counsel. However, due to our discussion and disposition of these issues, we decline to grant defendant relief on these grounds.

State of North Carolina of his move to Winston-Salem, North Carolina, in November 2000.

In 2001, the defendant was arrested, charged, and convicted in North Carolina for failing to register as a convicted sex offender. On appeal, he cited *Lambert v. California,* 355 U.S. 225, 2 L. Ed. 2d 228 (1957), in support of his assertion that the State had to prove actual or probable notice of his duty to register in order to satisfy due process. Our Supreme Court acknowledged the "narrow *Lambert* exception to the general rule that ignorance of the law is no excuse[,]" 359 N.C. at 569, 614 S.E.2d at 488, and it noted that

> to be entitled to relief under the decidedly narrow *Lambert* exception, a defendant must establish that his conduct was "wholly passive" such that "*circumstances which might move one to inquire as to the necessity of registration are completely lacking*" and that [the] defendant was ignorant of his duty to register and there was no reasonable probability that [the] defendant knew his conduct was illegal.

*Id.* at 568, 614 S.E.2d at 488 (quoting *Lambert,* 355 U.S. at 228-29, 2 L. Ed. 2d at 231-32)) (emphasis in original). After concluding that the defendant's case was "rich with circumstances that would move the reasonable individual to inquire of his duty to register in North Carolina such that [the] defendant's conduct was not wholly passive[,]" 359 N.C. at 568, 614 S.E.2d at 488, the Court rejected the defendant's constitutional challenge to N.C. Gen. Stat. § 14-208.11, holding that the "actual notice by South Carolina of [the defendant's] duty to register as a convicted sex offender" was "sufficient" to put the defendant "on notice to inquire into the applicable law of the state to which he relocated, in this instance North Carolina." *Id.* at 569, 614 S.E.2d at 489.

In the instant case, our review of the circumstances surrounding defendant's conviction for failure to register as a sex offender is limited by the posture of the issue. N.C. Gen. Stat. § 15A-1418(b) (2003) provides that, when a motion for appropriate relief is filed with this Court, we must decide "whether the motion may be determined on the basis of the materials before [us], or whether it is necessary to remand the case to the trial division for taking of evidence or conducting other proceedings." Here, the materials in defendant's motion for appropriate relief contain only his sworn affidavit, which alleges that he was not provided with actual notice during his prison sentence in Maine that he was required to register as a sex offender upon

his release, and that he was not instructed that he was required to notify the State of Maine upon a subsequent change in residence. Mindful that it is more within the province of a trial court rather than an appellate court to make factual determinations, we conclude that the materials in the instant case are insufficient to enable us to render a decision regarding defendant's motion. Accordingly, we dismiss that portion of defendant's motion for appropriate relief concerning the applicability of N.C. Gen. Stat. § 14-208.11, without prejudice to defendant to file a new motion for appropriate relief in the superior court. *See* N.C. Gen. Stat. § 15A-1418 (official commentary) ("It is possible that some factual matters could be decided . . . in the appellate division, but frequently they would require that the trial court hold an additional evidentiary hearing. Thus the appellate division is . . . given authority to remand the case to the trial division for a hearing. It is possible that the hearing could determine the disposition of the case and eliminate the necessity for going forward with the review."); *State v. Hurst*, 304 N.C. 709, 712, 285 S.E.2d 808, 810 (1982) (per curiam) (dismissing motion for appropriate relief where materials were insufficient to allow the Court to determine whether the defendant's conviction was unconstitutional).

**[6]** In addition to his challenge to N.C. Gen. Stat. § 14-208.11, defendant asserts that the trial court erred by aggravating his sentence for taking indecent liberties with a child. Defendant contends that the trial court was required to submit the aggravating factor to a jury prior to aggravating his sentence. We agree.

In *State v. Allen*, 359 N.C. 425, 615 S.E.2d 256 (2005), our Supreme Court recently reviewed North Carolina's structured sentencing scheme in light of the United States Supreme Court's decisions in *Apprendi v. New Jersey*, 530 U.S. 466, 147 L. Ed. 2d 435 (2000) and *Blakely v. Washington*, 542 U.S. 296, 159 L. Ed. 2d 403 (2004). After reviewing the pertinent case law, the Court determined that, when "[a]pplied to North Carolina's structured sentencing scheme, the rule of *Apprendi* and *Blakely* is: Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed presumptive range must be submitted to a jury and proved beyond a reasonable doubt." *Allen*, 359 N.C. at 437, 615 S.E.2d at 264-65 (citing *Blakely*, 542 U.S. at 303-04, 159 L. Ed. 2d at 413-14; *Apprendi*, 530 U.S. at 490, 147 L. Ed. 2d at 455; N.C. Gen. Stat. §§ 15A-1340.13, 15A-1340.14, 15A-1340.16, and 15A-1340.17). The Court noted that its holding "appl[ied] to cases 'in which the defendants have not been indicted as of the certification date of this

opinion and to cases that are now pending on direct review or are not yet final[,]" thereby making it applicable to the instant case. 359 N.C. at 427, 615 S.E.2d at 258 (quoting *State v. Lucas*, 353 N.C. 568, 598, 548 S.E.2d 712, 732 (2001)); *see also* N.C. Gen. Stat. § 15A-1446(d)(19).

Here, the trial court found as an aggravating factor that the circumstances of defendant's conviction for indecent liberties with a child involved defendant taking advantage of a position of trust or confidence to commit the offense. The trial court found this factor unilaterally, thereby violating the Court's decision in *Allen* and the cases cited therein. The State contends that this error was nevertheless harmless, in that it introduced uncontroverted and overwhelming evidence to establish that defendant violated a position of trust in committing the offense. However, "[b]ecause 'speculat[ion] on what juries would have done if they had been asked to find different facts' is impermissible," our Supreme Court concluded in *Allen* that " '[h]armless error analysis cannot be conducted on *Blakely* Sixth Amendment violations.' " *Id.* at 448, 615 S.E.2d at 271-72 (quoting *State v. Hughes*, 158 Wash. 2d 118, 148, 110 P.3d 192, 208 (2005)). Therefore, in light of the Court's decision in *Allen*, we conclude that the trial court committed reversible error by aggravating defendant's sentence for taking indecent liberties with a child.[6] Accordingly, we allow that portion of defendant's motion for appropriate relief concerning the imposition of the aggravated sentence, and we remand the case for resentencing. As discussed above, that portion of defendant's motion for appropriate relief concerning the application of N.C. Gen. Stat. § 14-208.11 to the facts of this case is dismissed without prejudice to defendant to refile the motion at the trial court level.

In light of the foregoing conclusions, we hold that defendant received a trial free of prejudicial error in part, but we remand the case for resentencing.

---

6. Defendant also contends that the trial court was prohibited from sentencing him in the aggravated range because the aggravating factor was not alleged in the indictment. However, we note that our Supreme Court specifically rejected the same argument by the defendant in *Allen*. 359 N.C. at 437-38, 615 S.E.2d at 265 (overruling language in *Lucas* "requiring sentencing factors which might lead to a sentencing enhancement to be alleged in an indictment[,]" finding no error in the State's failure to include aggravating factors in the defendant's indictment, and stating that in *State v. Hunt*, "[T]his Court concluded that 'the Fifth Amendment would not require aggravators, even if they were fundamental equivalents of elements of an offense, to be pled in a state-court indictment.' " (quoting *Hunt*, 357 N.C. 257, 272, 582 S.E.2d 593, 603, *cert. denied*, 539 U.S. 985, 156 L. Ed. 2d 702 (2003))). Accordingly, we overrule defendant's contention in the instant case.

No error at trial; remanded for resentencing.

Judges HUDSON and STEELMAN concur.