STATE OF NORTH CAROLINA v. RONNIE LAMAR DANIELS

No. COA07-1202

(Filed 15 April 2008)

**1. Constitutional Law— double jeopardy—punishment for
both first-degree kidnapping and underlying sexual assault**

The trial court erred by sentencing defendant for both first-
degree kidnapping and first-degree rape where the same sexual
assault served as the basis for both convictions, and at the resen-
tencing hearing the trial court may arrest judgment on the first-
degree kidnapping conviction and resentence defendant for sec-
ond-degree kidnapping, or arrest judgment on the first-degree
rape conviction and resentence defendant on the first-degree kid-
napping conviction, because: (1) a defendant may not be pun-
ished for both the first-degree kidnapping and the underlying sex-
ual assault; (2) where the jury is presented with more than one
theory upon which to convict a defendant and does not specify
which one it relied upon to reach its verdict, such a verdict is
ambiguous and should be construed in favor of defendant; (3) the
jury returned a verdict of guilty of first-degree kidnapping but did

not specify on which theory it relied in reaching its verdict, and the Court of Appeals was required to assume that the jury relied on defendant's commission of the sexual assault in finding him guilty of first-degree kidnapping; and (4) the State asknowledged the defect.

**2. Evidence— receipt for pornographic movies listing titles— failure to request limiting instruction or redaction**

The trial court did not abuse its discretion in a first-degree kidnapping and first-degree rape case by admitting into evidence a receipt for pornographic movies that listed the movie titles because: (1) defendant acknowledged that the receipt was relevant for the purpose of showing that defendant had been in the van; (2) although defendant argued that reciting the titles of the movies portrayed him as a sexual deviant during his rape trial, defendant did not request a limiting instruction from the trial court at the time of the admission of the receipt nor did he request the trial court to redact the movie titles from the receipt; (3) the issue was not preserved for review since defendant made only a general objection to the evidence and conceded that the evidence was relevant; and (4) even assuming *arguendo* that defendant's objection preserved the matter for review, the record revealed that the admission did not prejudice defendant when there was no reasonable possibility a different result would have been reached at trial had the receipt not been admitted.

**3. Evidence— prior crimes or bad acts—prior acts of violence against victim**

The trial court did not abuse its discretion in a first-degree kidnapping and first-degree rape case by admitting evidence of defendant's alleged prior acts of domestic violence against the victim, because: (1) the evidence was admissible under N.C.G.S. § 8C-1, Rule 404(b) to show defendant's motive, intent or purpose, opportunity, and plan; (2) the evidence demonstrated a chain of events tending to show that defendant became increasingly angry with the victim for filing charges against him in January 2005 for a November 2004 incident, and then again in April 2005; (3) it showed defendant's opportunity since defendant was prevented from contacting the victim while he was incarcerated, but upon his release on each occasion he immediately went to the victim's home in violation of domestic violence protective orders; (4) evidence of defendant's prior course of violent conduct with the victim was relevant to show that contrary to

defendant's assertion, she did not consent to sexual intercourse on the date in question; and (5) the trial court gave the jury a proper limiting instruction as to this evidence.

**4. Constitutional Law— effective assistance of counsel— withdrawal of motion for complete recordation**

Defendant was not denied effective assistance of counsel in a first-degree kidnapping and first-degree rape case based on his attorney's withdrawal of a motion for complete recordation filed by his previous attorney because: (1) defendant's trial counsel only withdrew the request as it pertained to jury selection and bench conferences; (2) our Supreme Court has specifically held that the failure to request recordation of jury selection and bench conferences does not constitute ineffective assistance of counsel where defendant fails to make specific allegations of error regarding these portions of the proceedings; (3) there is no distinction between failing to make an initial motion for recordation and the subsequent withdrawal of a portion of a motion for recordation; and (4) defendant made no showing of any matter that would have been reflected in the jury selection or bench conferences that had any prejudicial effect on the outcome of the trial.

Appeal by defendant from judgments entered 20 March 2007 by Judge Steve A. Balog in Hoke County Superior Court. Heard in the Court of Appeals 20 March 2008.

*Attorney General Roy A. Cooper III, by Assistant Attorney General K.D. Sturgis, for the State.*

*Appellate Defender Staples Hughes, by Assistant Appellate Defender Matthew D. Wunsche, for defendant-appellant.*

STEELMAN, Judge.

The trial court erred when it permitted the same sexual assault to serve as the basis for defendant's convictions of first-degree kidnapping and first-degree rape. Where defendant failed to state his grounds for objection to the admission of evidence and the evidence was relevant, the issue has not been preserved for appellate review. The trial court did not err in admitting evidence of acts of domestic violence committed by defendant where the purpose of the evidence was not to show defendant's bad character. When the defendant does not show that his counsel's performance was deficient or that any alleged deficiency was prejudicial, a new trial is not warranted.

I. Factual and Procedural Background

Ronnie Daniels (defendant) and Daphne Lane (Lane) were married but living apart on 28 and 29 June 2005, the dates of the alleged offenses. On 28 June 2005, Lane returned to her home after completing her paper route and discovered that her cell phone was missing, a window in her bedroom was open, the blinds were broken, and her dresser drawer was open with clothes hanging out. Lane called 911 and a Hoke County Sheriff deputy took her report. Lane went to work at Wal-Mart that evening. While she was at work, Lane observed defendant driving back and forth in the parking lot. After leaving work, Lane stopped at a gas station to make a phone call. Defendant pulled into the gas station and began yelling at her. Defendant left the gas station when he learned the police had been called.

Lane met deputy sheriffs at a grocery store parking lot near her house. She observed defendant's vehicle in the parking lot, but defendant was not inside the vehicle. The deputies searched the area but did not find defendant. The deputies escorted Lane home and searched the area around her house. Defendant's shoes and the keys to his jeep were found on Lane's back porch.

At approximately three a.m. on 29 June 2005, Lane left her house with her four children to go on her paper route. While she was gone, defendant used a key he had taken from her van to enter her home. When Lane returned, defendant held a kitchen knife to her throat, told her to remove her clothes, and proceeded to have vaginal intercourse with her. After he ejaculated inside of her, defendant forced Lane into her van and drove to a nearby gas station. When defendant got out of the vehicle, Lane got into the driver's seat. Defendant returned, smashed through the window on the passenger side, and instructed Lane to drive to another store. When they arrived at the second store, Lane fled into the store, asked the clerks to call the police, and locked herself in the bathroom until the police arrived. Lane was taken to Cape Fear Valley Hospital and given a rape kit examination.

On 22 August 2005, defendant was indicted for first-degree rape, first-degree kidnapping, two counts of felonious breaking and entering, and two counts of felonious larceny. The jury found defendant guilty of all charges. The trial court found defendant to be a prior record level IV for felony sentencing purposes. Defendant was sentenced to a term of 307 to 378 months imprisonment for the first-degree rape charge. A second consecutive sentence of 133 to 169

months was imposed for the first-degree kidnapping charge. Sentences of 11 to 14 months were imposed for each of the felonious breaking and entering charges and each of the felonious larceny charges. Defendant appeals.

## II.  Sentencing

[1] In his first argument, defendant contends that the trial court erred in sentencing him for both first-degree kidnapping and first-degree rape where the same sexual assault served as the basis for both convictions. We agree.

> The offense of kidnapping is established upon proof of an unlawful, nonconsensual restraint, confinement or removal of a person from one place to another, for the purpose of: (1) holding the person for ransom, as a hostage or using them as a shield; (2) facilitating flight from or the commission of any felony; or (3) terrorizing or doing serious bodily harm to the person.

*State v. Smith*, 160 N.C. App. 107, 119, 584 S.E.2d 830, 838 (2003) (citing N.C. Gen. Stat. § 14-39(a)). "If the person kidnapped either was not released by the defendant in a safe place or had been seriously injured or sexually assaulted, the offense is kidnapping in the first degree. . . ." *Id.* (quoting N.C. Gen. Stat. § 14-39(b)). A defendant may not be punished for both the first-degree kidnapping and the underlying sexual assault. *State v. Freeland*, 316 N.C. 13, 23, 340 S.E.2d 35, 40-41 (1986). Where the jury is presented with more than one theory upon which to convict a defendant and does not specify which one it relied upon to reach its verdict, "[s]uch a verdict is ambiguous and should be construed in favor of defendant." *State v. Whittington*, 318 N.C. 114, 123, 347 S.E.2d 403, 408 (1986) (citation omitted): "This Court is not free to speculate as to the basis of a jury's verdict." *Id.*

The indictment in the instant case for first-degree kidnapping stated that:

> [D]efendant named above unlawfully, willfully and feloniously did kidnap Daphne Shay Lane, a person who had attained the age of 16 years, by unlawfully confining, restraining, or removing her from one place to another without her consent; and for the purpose of terrorizing her. Daphne Shay Lane was not released by the defendant in a safe place, and was sexually assaulted.

The jury was instructed by the trial court that, to find defendant guilty of first-degree kidnapping, it had to find that Lane was "not released by the defendant in a safe place or had been sexually assaulted."

The jury returned a verdict of guilty of first-degree kidnapping but did not specify on which theory it relied in reaching its verdict. Under *State v. Petersilie*, 334 N.C. 169, 193, 432 S.E.2d 832, 846 (1993), we are required to assume that the jury relied on defendant's commission of the sexual assault in finding him guilty of first-degree kidnapping. This is true even though the sexual assault in this case occurred prior to the kidnapping. *See id.; see also State v. Lynch*, 327 N.C. 210, 393 S.E.2d 811 (1990). Since defendant's conviction of the sexual offense was used to elevate the kidnapping to first-degree kidnapping in this case, the trial judge erred in sentencing defendant for both crimes. *Whittington* at 123-24, 347 S.E.2d at 408 (citation omitted). Since defendant was erroneously subjected to double punishment, we remand this case to the trial court for a new sentencing hearing. *Id.* The State acknowledges this defect.

At the resentencing hearing, the trial court may 1) arrest judgment on the first-degree kidnapping conviction and resentence defendant for second-degree kidnapping, or 2) arrest judgment on the first-degree rape conviction and resentence defendant on the first-degree kidnapping conviction. *Id.* at 124, 347 S.E.2d at 408-09.

### III. Admission of Evidence

[2] In his second argument, defendant contends that the trial court erred or abused its discretion in admitting into evidence a receipt for pornographic movies that listed the movie titles, and for admitting evidence of defendant's alleged prior acts of domestic violence against Lane. We disagree.

North Carolina Rule of Evidence 404(b) states:

Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake, entrapment or accident.

N.C. Gen. Stat. § 8C-1, Rule 404(b) (2007). "The use of evidence under Rule 404(b) is guided by two constraints: 'similarity and temporal proximity.'" *State v. Bidgood*, 144 N.C. App. 267, 271, 550 S.E.2d 198, 201 (2001) (citation omitted).

"Once the trial court determines evidence is properly admissible under Rule 404(b), it must still determine if the probative value of

the evidence is substantially outweighed by the danger of unfair prejudice under Rule 403." *State v. Summers*, 177 N.C. App. 691, 697, 629 S.E.2d 902, 907 (2006) (citation omitted). The ruling under Rule 403 by the trial court of whether the danger of unfair prejudice outweighed the probative value of the evidence was within the sound discretion of the trial court, and appellate review of that ruling is limited to determining whether the trial court abused its discretion. *Bidgood* at 272, 550 S.E.2d at 202. We will reverse the trial court "only when it is shown that the ruling was so arbitrary that it could not have resulted from a reasoned decision." *Id.* (citation omitted).

In the instant case, the State offered into evidence a receipt for two pornographic videos which was found in the back of Lane's van used by defendant in the kidnapping. The State then called the jury's attention to the two titles of the videos listed on the receipt. Defendant acknowledges that the receipt was relevant for the purpose of showing that defendant had been in the van. However, defendant claims that the failure by the court to give a limiting instruction to the jury was highly prejudicial, and that the court abused its discretion in the admission of the evidence. Defendant argues that reciting the titles of the movies portrayed him as a sexual deviant during his rape trial, and that as a result of this error, he is entitled to a new trial.

A general objection to evidence is ordinarily inadequate to preserve an alleged error for review unless it is clear from the entirety of the evidence that no purpose can be served from its admission. *State v. Jones*, 342 N.C. 523, 535, 467 S.E.2d 12, 20 (1996).

Defendant did not request a limiting instruction from the trial court at the time of the admission of the receipt, nor did he request the trial court to redact the movie titles from the receipt. Jennifer Lewis, a lieutenant with the Hoke County Sheriff's Office, found the receipt in the van and testified that the receipt was for two "pornographic movies." Defendant initially objected to Lewis's testimony, but withdrew his objection and did not object to Lewis's testimony reciting the titles of the movies. Subsequently, defendant objected to the admission of the receipt into evidence and its publication to the jury, but he failed to specify the grounds for his objection. Since defendant made only a general objection to the evidence, and concedes that the evidence was relevant, we hold that this issue has not been preserved for our review. *See Jones* at 535, 467 S.E.2d at 20. This argument is without merit.

Even assuming *arguendo* that defendant's objection preserved the matter for our review, the record reveals that the admission of the receipt into evidence did not prejudice defendant. A defendant is only prejudiced by the erroneous admission of evidence "when there is a reasonable possibility that, had the error in question not been committed, a different result would have been reached at the trial out of which the appeal arises. The burden of showing such prejudice . . . is [on] the defendant." N.C. Gen. Stat. § 15A-1443(a) (2007); *State v. Mebane*, 106 N.C. App. 516, 529, 418 S.E.2d 245, 253 (1992). Defendant has not shown that there is a reasonable possibility a different result would have been reached at trial had the receipt not been admitted.

**[3]** Defendant further contends that the trial court erred or abused its discretion in admitting evidence of alleged prior acts of domestic violence committed by defendant against Lane.

"Under Rule 404(b), evidence of other crimes, wrongs or acts may be admissible to show motive, opportunity, intent, plan or identity." *State v. Carter*, 338 N.C. 569, 592-93, 451 S.E.2d 157, 170 (1994) (citing N.C. Gen. Stat. § 8C-1, Rule 404(b)).

> Although not enumerated in Rule 404(b) itself, evidence may also be admitted to establish a chain of circumstances leading up to the crime charged:
>
>> Evidence, not part of the crime charged but pertaining to the chain of events explaining the context, motive and set-up of the crime, is properly admitted if linked in time and circumstances with the charged crime, or [if it] forms an integral and natural part of an account of the crime, or is necessary to complete the story of the crime for the jury.

*State v. Smith*, 152 N.C. App. 29, 34-35, 566 S.E.2d 793, 798 (2002) (citations omitted).

> [E]vidence of a victim's awareness of prior crimes allegedly committed by the defendant may be admitted to show that the victim's will had been overcome by her fears for her safety where the offense in question requires proof of lack of consent or that the offense was committed against the will of the victim.

*State v. Young*, 317 N.C. 396, 413, 346 S.E.2d 626, 636 (1986) (citation omitted).

The court allowed Lane to testify about the following acts of domestic violence committed by defendant over the course of

their relationship: an incident in 2001 in which defendant threatened Lane with a kitchen knife while she was pregnant; a domestic violence questionnaire Lane filled out in support of a protective order pursuant to this incident in which she indicated being previously punched, slapped, pushed, and threatened with kitchen knives by defendant "many times"; a November 2004 incident in which defendant, wielding a large kitchen knife, forced Lane to remove her clothes and get into a bathtub so that he would not make a mess when he killed her; an incident in April 2005 in which defendant took Lane's keys, stole her van, and hit her when she attempted to get her keys back; and two warrants taken out against defendant by Lane and Ashley Cheney, one of Lane's co-workers, for assault on a female following the April 2005 incident. The State also introduced evidence that defendant was arrested on those warrants on 7 April 2005 when he went to the children's school and was incarcerated from that date until 24 June. On 24 June defendant was released, at which time he went to Lane's home in violation of two protective orders. He was arrested and incarcerated from that date until 27 June 2005. The offenses at issue here occurred on 28 and 29 June 2005. Defendant claims that he suffered prejudice from the admission of this testimony and evidence, as well from the State's opening statement and closing argument, in which the State emphasized to the jury that this case was about domestic violence.

The trial court found the evidence to be admissible under 404(b) to show defendant's motive, intent or purpose, opportunity, and plan. The court also allowed the evidence to be admitted on the basis that it demonstrated a chain of events tending to show that defendant became increasingly angry with Lane for filing charges against him in January 2005 for the November 2004 incident, and then again in April 2005. The trial court found that the evidence was admissible to show defendant's opportunity in that defendant was prevented from contacting Lane while he was incarcerated, but upon his release on each occasion he immediately went to Lane's home in violation of domestic violence protective orders.

Defendant admitted to having vaginal intercourse with Lane on the date of the offense, but contended that it was consensual. Evidence of defendant's prior course of violent conduct with Lane was relevant to show that she did not consent to sexual intercourse on the date in question. *Young* at 313, 346 S.E.2d at 636. The trial court properly admitted the evidence of prior acts of domestic violence to show absence of consent by Lane.

We hold the evidence was admitted for proper purposes under Rule 404(b) and that the trial court gave the jury a proper limiting instruction as to this evidence. The trial court did not abuse its discretion by admitting evidence of defendant's acts of domestic violence against Lane. *See Bidgood* at 272, 550 S.E.2d at 202. This argument is without merit.

### IV. Assistance of Counsel

[4] In his third argument, defendant contends that he was denied effective assistance of counsel when his attorney withdrew a motion for complete recordation filed by his previous attorney. We disagree.

A criminal defendant is guaranteed the right to be represented by counsel, and this right has been interpreted as the right to effective assistance of counsel. *United States v. Cronic*, 466 U.S. 648, 654, 80 L. Ed. 2d 657, 665 (1984). To establish a claim of ineffective assistance of counsel, a defendant must show that counsel's performance was deficient and that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). To establish prejudice, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694.

N.C. Gen. Stat. § 15A-1241 (2007) governs the recordation of criminal trial proceedings, and provides that all statements from the bench and all proceedings at trial must be automatically recorded with three exceptions: jury selection, opening statements and closing arguments of counsel, and arguments of counsel on questions of law. N.C. Gen. Stat. § 15A-1241(a). Upon motion from either party, jury selection, opening statements, and closing arguments must also be recorded. N.C. Gen. Stat. § 15A-1241(b).

Defendant's prior counsel moved for complete recordation of the trial proceedings. Defendant's trial counsel withdrew the request as it pertained to jury selection and bench conferences. Defendant contends this was error, and that his appellate counsel is at an unfair advantage in discovering potential appealable errors due to his trial counsel's actions.

Our Supreme Court has specifically held that the failure to request recordation of jury selection and bench conferences does not constitute ineffective assistance of counsel where defendant fails to

make specific allegations of error regarding these portions of the proceedings. *State v. Hardison*, 326 N.C. 646, 661-62, 392 S.E.2d 364, 372-73 (1990).

We addressed this issue in *State v. Verrier*, 173 N.C. App. 123, 617 S.E.2d 675 (2005). In *Verrier*, there was no evidence that defendant's trial counsel made a motion for the jury selection, bench conferences, and opening and closing statements to be recorded. On appeal, defendant argued that this violated his due process and effective assistance of counsel rights. This Court held that although "appellate counsel may be at a disadvantage when preparing an appeal for a case in which he did not participate at the trial level, as appellate counsel [he] is somewhat bound by the decisions and strategies of trial counsel." *Id.* at 130, 617 S.E.2d at 680. Defendant's argument that he was denied effective assistance of counsel was overruled. *Id.*

Defendant contends that the facts of his case are distinguishable from *Verrier* in that counsel originally requested complete recordation and later withdrew the motion as to jury selection and bench conferences. We hold that there is no distinction between failing to make an initial motion for recordation and the subsequent withdrawal of a portion of a motion for recordation.

Defendant has made no showing of any matter that would have been reflected in the jury selection or bench conferences that had any prejudicial effect on the outcome of the trial. Defendant has failed to meet his burden of showing any deficiency in his counsel's performance or prejudice from any alleged deficiency. *See Strickland*, 466 U.S. at 694. This argument is without merit.

Remaining assignments of error listed in the record but not argued in defendant's brief are deemed abandoned. N.C. R. App. P. 28(b)(6) (2008).

NO ERROR as to the trial; REMANDED for a new sentencing hearing on the charges of first-degree rape and first-degree kidnapping.

Judges McCULLOUGH and ARROWOOD concur.