IN THE COURT OF APPEALS OF NORTH CAROLINA

 No. COA 19-734

 Filed: 19 May 2020

Onslow County, Nos. 16 CRS 54819-20, 55710; 18 CRS 2390

STATE OF NORTH CAROLINA

 v.

JOSHUA GRAPPO, Defendant.

 Appeal by Defendant from judgments entered 28 January 2019 by Judge

Phyllis M. Gorham in Onslow County Superior Court. Heard in the Court of Appeals

15 April 2020.

 Attorney General Joshua H. Stein, by Senior Deputy Attorney General Amar
 Majmundar, for the State.

 Appellate Defender Glenn Gerding, by Assistant Appellate Defender Emily
 Holmes Davis, for Defendant.

 INMAN, Judge.

 “It is desirable in criminal maters to adhere to the established practice.

Innovations usually result in prolonged litigation.” State v. Benton, 226 N.C. 745,

747-48, 40 S.E.2d 617, 618 (1946) (citation omitted). The wisdom of our Supreme

Court’s words more than 70 years ago is manifest in this appeal, which stems from a

trial court’s decision to forego its statutory duty to charge the jury by instead having

a courtroom clerk read aloud significant portions of the instructions to the jury.

Although we agree with Defendant that the judge’s act constituted error—one that
 STATE V. GRAPPO

 Opinion of the Court

we emphasize should not be repeated by members of the trial bench in the future—

we hold that Defendant has failed to demonstrate prejudice warranting a new trial.

 Defendant also requests we remand this case for resentencing pursuant to a

motion for appropriate relief (“MAR”) filed with this Court. Because Defendant’s

MAR raises an evidentiary question and relies on matters not found in the settled

record on appeal, we dismiss his MAR without prejudice to him re-filing one with the

trial court.

 I. FACTUAL AND PROCEDURAL HISTORY

 The evidence introduced at trial discloses the following:

 On 23 June 2016, Joseph Allen purchased opioids from Defendant at Allen’s

home in Snead’s Ferry. After Defendant left the premises, Allen took a dose and

collapsed on the bathroom floor. Allen’s girlfriend, Shannon Connor, found him

unconscious in the bathroom and phoned Defendant for help; Defendant answered,

told Connor to call 9-1-1, and returned to the house with two women a short time

later. Defendant and one of the women attempted to resuscitate Allen but were

unsuccessful. Defendant left the scene before paramedics arrived. Allen was taken

to the hospital, and the next day providers pronounced him brain dead from prolonged

cardiac arrest caused by a drug overdose.

 A few weeks later, on 22 July 2016, police detained Defendant and his

girlfriend during a routine traffic stop. During the stop, Defendant’s girlfriend

 -2-
 STATE V. GRAPPO

 Opinion of the Court

informed police that she was hiding heroin inside her pants. A search of Defendant,

his girlfriend, and the vehicle uncovered 106 individual bags of opioids. Defendant

was arrested and indicted on charges arising from both the traffic stop and Allen’s

death, including, among others: (1) felony conspiracy to possess heroin; (2)

maintaining a vehicle; (3) possession with intent to sell or deliver heroin; (4)

possession with intent to sell or deliver fentanyl; (5) selling fentanyl; (6) delivering

fentanyl; and (7) second-degree murder.

 Defendant’s charges were joined for trial beginning 14 January 2019. After all

evidence had been presented, counsel had participated in a charge conference, and

closing arguments were presented to the jury, the trial court called a five-minute

recess. Following the recess, but before the jury returned to the courtroom, the trial

judge engaged in the following discussion with counsel:

 THE COURT: I’m going to have the clerk to help me with
 the reading. Any objection from the [S]tate?

 [THE STATE]: Not from the [S]tate, Judge.

 THE COURT: Any objection?

 [DEFENDANT’S COUNSEL]: I’m sorry, Judge, I was
 talking.

 THE COURT: I’m going to have the clerk to help me with
 reading the instructions to the jury.

 [DEFENDANT’S COUNSEL]: No objection.

 -3-
 STATE V. GRAPPO

 Opinion of the Court

The trial court called the jury back into the courtroom and announced that, “I’m going

to read you the instructions, and the clerk is going to help me to read some of these

instructions. So listen to the instructions as she is reading them.” The clerk then

read a significant portion of the jury instructions, including instructions on: (1) the

function of the jury; (2) the presumption of innocence; (3) the State's burden of proof

and the definition of reasonable doubt; (4) the jury’s duty in evaluating the credibility

of witnesses; (5) the weight of the evidence; (6) the definitions of direct and

circumstantial evidence; and (7) the effect of Defendant's decision not to testify.

When the clerk misread some of these instructions, the judge interjected to offer

corrections. The clerk concluded reading her portion of the instructions, after which

the trial judge read the remainder of the instructions focusing on the specific charges

and factual findings required by the jury to convict Defendant.1

 The jury ultimately returned guilty verdicts on each charge with the exception

of second-degree murder; the jury instead found Defendant guilty of involuntary

manslaughter, a lesser-included offense. Defendant timely appealed.

 II. ANALYSIS

A. Preservation

 Defendant’s single argument on appeal posits that the trial court violated its

statutory duty to instruct the jury consistent with N.C. Gen. Stat. §§ 15A-1231 and -

 1 There is no indication in the record that the jury received written copies of the jury
instructions.

 -4-
 STATE V. GRAPPO

 Opinion of the Court

1232. The State contends that Defendant’s trial counsel did not preserve this issue

and, because counsel affirmatively stated he had no objection, invited any alleged

error. See, e.g., State v. Barber, 147 N.C. App. 69, 74, 554 S.E.2d 413, 416 (2001) (“[A]

defendant who invites error has waived his right to all appellate review concerning

the invited error, including plain error review.” (citation omitted)).

 We are not persuaded that Defendant’s trial counsel invited error because it is

not clear from the record that the judge put counsel on notice that she actually

intended to relinquish to the clerk her duty to charge the jury. A practitioner could

very easily interpret the judge’s statement that she would “have the clerk to help me

with reading” to mean that the judge would read the full instructions with some other

form of assistance from the clerk. For example, one could easily take the statement

to mean that the judge would read the instructions while the clerk handed printed

copies up to the bench or, alternatively, followed along silently to catch any mistakes

made by the judge in reading the instructions aloud. Defendant could reasonably

presume that the trial court would still perform its necessary judicial functions in

charging the jury and, given that the trial court’s statement is subject to

straightforward interpretations that do not involve an abdication of any necessary

statutory duties, we decline to hold that Defendant’s failure to object to the trial

court’s statement amounts to invited error.

 -5-
 STATE V. GRAPPO

 Opinion of the Court

 We are not persuaded that Defendant was required to object sua sponte once

the courtroom clerk spoke in place of the trial court during portions of the instructions

because a trial court’s violation of a statutory mandate is automatically preserved for

appellate review. See, e.g., State v. Ashe, 314 N.C. 28, 39, 331 S.E.2d 652, 659 (1985)

(“[W]hen a trial court acts contrary to a statutory mandate and a defendant is

prejudiced thereby, the right to appeal the court’s action is preserved,

notwithstanding defendant’s failure to object at trial.”).

B. Standard of Review

 Defendant argues that the trial court violated the statutory mandates found

in N.C. Gen. Stat. §§ 15A-1231 and -1232 by allowing the clerk to read some jury

instructions and, in doing so, gave the jury the impression that those instructions

were less important than those read aloud by the judge herself. Whether a trial court

violated a statutory mandate is subject to de novo review. State v. Lyons, 250 N.C.

App. 698, 705, 793 S.E.2d 755, 761 (2016) (citation omitted).

 To obtain relief for this type of error, Defendant must show that he was

prejudiced. “Whether the judge’s comments, questions or actions constitute

reversible error is a question to be considered in light of the factors and circumstances

disclosed by the record, the burden of showing prejudice being upon the defendant.”

State v. Blackstock, 314 N.C. 232, 236, 333 S.E.2d 245, 248 (1985) (citations omitted).

“[I]n a criminal case it is only when the jury may reasonably infer from the evidence

 -6-
 STATE V. GRAPPO

 Opinion of the Court

before it that the trial judge’s action intimated an opinion as to a factual issue, the

defendant’s guilt, the weight of the evidence or a witness’s credibility that prejudicial

error results.” Id. (citing State v. Yellorday, 297 N.C. 574, 256 S.E.2d 205 (1979)).

The intimated opinion must “ ‘have had a prejudicial effect on the result of the trial’ ”

to warrant reversal. State v. Larrimore, 340 N.C. 119, 155, 456 S.E.2d 789, 808 (1995)

(quoting State v. Perry, 231 N.C. 467, 471, 57 S.E.2d 774, 777 (1950)). Otherwise,

“ ‘the error will be considered harmless.’ ” Id.

 We note that Defendant does not argue the error in this case amounts to

structural error, which “is a rare form of constitutional error resulting from structural

defects in the constitution of the trial mechanism which are so serious that a criminal

trial cannot reliably serve its function as a vehicle for determination of guilt or

innocence.” State v. Garcia, 358 N.C. 382, 409, 597 S.E.2d 724, 744 (2004) (citations

and quotation marks omitted). “Structural error, no less than other constitutional

error, should be preserved at trial,” id. at 410, 597 S.E.2d at 745 (citations omitted),

and Defendant did not argue the existence of a structural constitutional error before

the trial court.

C. Error

 The trial court committed error in failing to instruct the jury consistent with

our General Statutes. N.C. Gen. Stat. § 15A-1231(c) plainly states that “the judge

must instruct the jury in accordance with G.S. 15A-1232[,]” (emphasis added), and

 -7-
 STATE V. GRAPPO

 Opinion of the Court

N.C. Gen. Stat. § 15A-1232 provides that “[i]n instructing the jury, the judge shall not

express an opinion[.]” (emphasis added). Our caselaw also holds that “[a] trial judge

is required by N.C.G.S. § 15A-1231 and N.C.G.S. § 15A-1232 to instruct the jury on

the law arising on the evidence.” State v. Bogle, 324 N.C. 190, 195, 376 S.E.2d 745,

748 (1989) (emphasis added). Said differently, “[a] judge has the obligation to instruct

the jury on every substantive feature of the case.” State v. Smith, 360 N.C. 341, 347,

626 S.E.2d 258, 261 (citations and quotation marks omitted) (emphasis added). Our

Supreme Court has directed “the members of the trial bench to refrain from avoiding

the necessity for instructing the jury[.]” State v. Fletcher, 370 N.C. 313, 326 n. 6, 807

S.E.2d 528, 538 n. 6 (2017) (emphasis added). One of the instructions delegated to

the clerk described the State’s burden of proof. This Court has previously held that

there is “a duty upon the presiding judge to instruct the jury as to the burden of proof

upon each issue arising upon the pleadings.” State v. Tyson, 195 N.C. App. 327, 335,

672 S.E.2d 700, 706 (2009) (citation omitted) (emphasis added). Simply put, the error

in this case is manifest.

D. Prejudice

 Whether the trial court’s error amounts to prejudicial error is the more difficult

question posed by this appeal. Complicating matters is the importance that the trial

judge give the jury charge—and the significance of the particular delegated

instructions. As we have recently recognized, “[t]he jury charge is one of the most

 -8-
 STATE V. GRAPPO

 Opinion of the Court

critical parts of a criminal trial. The trial court’s duty is momentous: to deliver a clear

instruction on the law arising from all the evidence presented, and to do so in such a

manner as to assist the jury in understanding the case and in reaching the correct

verdict.” State v. Corbett, ___ N.C. App. ___, ___, 839 S.E.2d 361, ___ (2020) (citations

and quotation marks omitted) (emphasis added); see also Carter v. Kentucky, 450 U.S.

288, 303, 67 L. Ed. 2d 241, 252 (1981) (recognizing the “unique power of the jury

instruction” in protecting criminal defendants’ constitutional rights).

 Several of the jury instructions that the trial judge delegated to the clerk are

so foundational as to be given in virtually every case. For example, our Supreme

Court has emphasized that “[t]he rule as to the burden of proof is important and

indispensable in the administration of justice, and constitutes a substantial right of

the party upon whose adversary the burden rests. It should, therefore, be jealously

guarded and rigidly enforced by the courts.” State v. Falkner, 182 N.C. 793, 798, 108

S.E. 756, 758 (1921). The necessity that the jury understand this burden is beyond

any serious dispute. See, e.g., Hope v. Cartledge, 857 F.3d 518, 527 (4th Cir. 2017)

(observing that “the Supreme Court [of the United States has] recognized the

importance of accurate, explicit, and complete jury instructions where laymen are

required to understand the government’s burden”). Further, at least one of the

instructions given by the clerk in this case was required to vindicate Defendant’s

constitutional rights. See Carter, 450 U.S. at 303, 67 L. Ed. 2d at 252 (holding that

 -9-
 STATE V. GRAPPO

 Opinion of the Court

when a defendant declines to testify and requests an instruction on that point, a trial

judge must give such an instruction under the Fifth Amendment, as “[a] trial judge

has a powerful tool at his disposal to protect the constitutional privilege—the jury

instruction—and he has an affirmative constitutional obligation to use that tool when

a defendant seeks its employment.”). The fact that some of the instructions given by

the clerk may not have been strictly required in all cases2 does not deprive them of

their value to the jury. See, e.g., Taylor v. Kentucky, 436 U.S. 478, 484, 56 L. Ed. 2d

468, 474 (1978) (“While the legal scholar may understand that the presumption of

innocence and the prosecution’s burden of proof are logically similar, the ordinary

citizen well may draw significant additional guidance from an instruction on the

presumption of innocence.”).

 Although the procedure employed by the trial court in this case carries with it

a high risk of prejudice, we nonetheless hold that Defendant has not shown

prejudicial error in this case. We agree with Defendant that the delegation of certain

instructions to the clerk could possibly have lead jurors to “reasonably infer . . . that

the trial judge’s action intimated an opinion” that those instructions were of

 2 Although “[t]he principle that there is a presumption of innocence in favor of the accused is
the undoubted law, axiomatic and elementary, and its enforcement lies at the foundation of the
administration of our criminal law[,]” Coffin v. United States, 156 U.S. 432, 453, 39 L. Ed. 481, 491,
(1895), the failure to give an instruction on that presumption does not amount to reversible error
“when the trial court has clearly defined the offense and placed the burden of proof beyond a reasonable
doubt upon the state to find the defendant guilty.” State v. Allah, 168 N.C. App. 190, 195, 607 S.E.2d
311, 315 (2005) (citations omitted).

 - 10 -
 STATE V. GRAPPO

 Opinion of the Court

comparatively lesser importance than those rendered by the judge. Blackstock, 314

N.C. at 236, 333 S.E.2d at 248 (citation omitted). But Defendant has not shown that

the inferred expression of that opinion “had a prejudicial effect on the result of the

trial” necessary to elevate it from a harmless error to a prejudicial one. Larrimore,

340 N.C. at 155, 456 S.E.2d at 808 (citation and quotation marks omitted).

 Mindful of the totality of the circumstances test applicable in this case,

Blackstock, 314 N.C. at 236, 333 S.E.2d at 248, various portions of the record

undercut a conclusion of prejudicial effect. First, the trial judge instructed the jury

“the clerk is going to help me to read some of these instructions. So listen to the

instructions as she is reading them.” We “presume[] that jurors follow the trial court’s

instructions,” State v. Steen, 352 N.C. 227, 249, 536 S.E.2d 1, 14 (2000) (citation

omitted), and therefore presume that the jury did, in fact, listen to the jury

instructions read to them by the clerk. Second, the trial judge interjected several

times to correct several misstatements of the instructions by the clerk, conveying a

belief by the trial judge of the importance that the instructions read by the clerk be

accurate and complete. Third, the jury reached its verdict without seeking

clarification from the trial court as to any issue or instruction, indicating that the

instructions were properly understood. Lastly, when asked by the judge if he had

“any additions, corrections [or] comments on the instructions” after they were given,

Defendant’s counsel replied “No, Your Honor. Thank you[,]” indicating Defendant’s

 - 11 -
 STATE V. GRAPPO

 Opinion of the Court

apparent satisfaction with the instructions and the manner in which they were

rendered. Under these circumstances, and absent more, we cannot conclude that the

trial court’s error “had a prejudicial effect on the result of the trial.” Larrimore, 340

N.C. at 155, 456 S.E.2d at 808.

E. Defendant’s MAR

 In the MAR filed with this Court, Defendant argues that the trial court erred

in calculating his prior record level. Specifically, he contends that the dates of his

stipulated prior convictions as listed on his prior record worksheet conflict with the

dates on which those convictions were actually entered. Because the judgments

attached to Defendant’s MAR show that several convictions were originally entered

on the same date, rather than different dates as listed on the worksheet, Defendant

asserts that some of those convictions should not have been used to elevate his prior

record level from III to IV. See N.C. Gen. Stat. § 15A-1340.14(d) (2019) (providing

that only the most severe conviction entered in a single session of superior court may

be used to calculate a defendant’s prior record level). He requests that we grant the

MAR and remand for resentencing or, in the alternative, remand the MAR to the trial

court for an evidentiary hearing. The State asks that we either dismiss the MAR

without prejudice to Defendant re-filing the motion with the trial court—as the

documents attached in the MAR are not in the settled record on appeal—or deny the

MAR on the merits.

 - 12 -
 STATE V. GRAPPO

 Opinion of the Court

 We agree with the State that it is most appropriate to dismiss Defendant’s

MAR without prejudice to re-filing it with the trial court. The State does not concede

that Defendant was not convicted of the crimes listed in his prior record level

worksheet on the dates stated therein, and resolution of Defendant’s MAR turns on

a factual issue requiring the consideration of evidence outside the settled record on

appeal. See, e.g., State v. Verrier, 173 N.C. App. 123, 132, 617 S.E.2d 675, 681 (2005)

(dismissing a defendant’s MAR without prejudice to re-filing it with the trial court,

“[m]indful that it is more within the province of a trial court rather than an appellate

court to make factual determinations”). The trial court is best equipped to hear

Defendant’s MAR and take additional evidence as necessary.

 III. CONCLUSION

 The trial court, in allowing the clerk to read certain portions of the jury

instructions, committed error. Such a procedure may readily give rise to prejudice,

and, echoing our Supreme Court, “we urge the members of the trial bench to refrain

from avoiding the necessity for instructing the jury[.]” Fletcher, 370 N.C. 313, 326 n.

6, 807 S.E.2d 528, 538 n. 6. We cannot overstate the importance that the trial judge—

and not a clerk—fulfill the duty “to instruct the jury on every substantive feature of

the case.” Smith, 360 N.C. at 347, 626 S.E.2d at 261 (citations and quotation marks

omitted). However, we hold that the error committed here was harmless and, as a

 - 13 -
 STATE V. GRAPPO

 Opinion of the Court

result, leave the judgments entered below undisturbed. We also dismiss Defendant’s

MAR without prejudice so that he may re-file a motion with the trial court.

 NO PREJUDICIAL ERROR; MOTION FOR APPROPRIATE RELIEF

DISMISSED WITHOUT PREJUDICE.

 Judges DIETZ and DILLON concur.

 - 14 -