STATE OF NORTH CAROLINA v. WILLIAM BEACH SMITH

No. 346A05

(Filed 3 March 2006)

**Rape— second-degree—instruction—proof beyond a reasonable doubt that victim was sleeping**

The Court of Appeals did not err in a second-degree rape case by granting defendant a new trial although the decision should have been based on the trial court's failure to instruct that the State must prove beyond a reasonable doubt that the victim was sleeping, rather than focusing on the trial court's additional instruction that force and lack of consent are implied in law if at the time of the vaginal intercourse the victim was sleeping or similarly incapacitated, because: (1) the trial court's jury instruction did not clearly emphasize the State's burden to prove beyond a reasonable doubt that the victim was asleep, thus satisfying the force and lack of consent elements of second-degree rape under N.C.G.S. § 14-27.3(a)(1); and (2) there is a reasonable likelihood that the jury applied the instruction in a manner that impermissibly and unconstitutionally lessened the State's burden of proof.

Justice TIMMONS-GOODSON did not participate in the consideration or decision of this case.

**STATE v. SMITH**

[360 N.C. 341 (2006)]

Appeal pursuant to N.C.G.S. § 7A-30(2) from the decision of a divided panel of the Court of Appeals, 170 N.C. App. 461, 613 S.E.2d 304 (2005), reversing a judgment entered 15 January 2004 by Judge Evelyn W. Hill in Superior Court, Wake County, and remanding for a new trial. Heard in the Supreme Court 14 November 2005.

*Roy Cooper, Attorney General, by John G. Barnwell, Assistant Attorney General, for the State-appellant.*

*Bruce T. Cunningham, Jr. and Joseph Blount Cheshire, V, for defendant-appellee.*

BRADY, Justice.

The sole question presented is whether there is a reasonable likelihood that the trial court's instruction to the jury on second-degree rape impermissibly lessened the State's burden to prove the elements of force and lack of consent beyond a reasonable doubt. Because the trial court failed to instruct the jurors that they must find the dispositive fact in this case beyond a reasonable doubt, we hold that the jury instructions were flawed and affirm the Court of Appeals order granting defendant a new trial.

After being indicted by a grand jury on 21 October 2002, defendant William Beach Smith was tried and convicted of second-degree rape in Wake County Superior Court on 15 January 2004. Evidence presented at trial showed defendant, a certified flight instructor, met the alleged victim and became friends with her during flight lessons in 2000. After the victim completed high school in the spring of 2001, a dispute erupted with her mother which forced the victim to move out of the family home and into defendant's residence for six weeks during the summer of 2001. Subsequently, the victim enrolled at the University of Illinois at Urbana-Champaign, where she relocated in the fall of 2001.

The victim returned to North Carolina for a brief visit during the weekend of 20 October 2001. On Saturday of that weekend, the victim, although under the age of twenty-one, consumed a large amount of alcohol at a friend's residence. That same evening defendant celebrated a friend's birthday at a local bar and later invited the group to continue the festivities at his residence.

In the early morning hours of Sunday, 21 October 2001, the victim arrived at defendant's residence. Not surprisingly, defendant and the victim differ as to the events which unfolded between them

from Saturday evening to Sunday morning. Defendant testified that the victim initiated contact with him by calling his cell phone and leaving a message around 4:30 a.m. Defendant returned the victim's phone call and told her everyone at his house was going to bed. According to defendant, the victim called back stating she was on her way to defendant's residence. Defendant testified that the victim let herself into defendant's residence, climbed into defendant's bed with him, and the two began kissing. Defendant testified the victim never fell asleep while their physical interaction became more intense. Defendant did not deny having vaginal intercourse with the victim, but contended the kissing, fondling, and intercourse were consensual.

The victim, however, testified that beginning late Saturday evening defendant repeatedly called her cell phone and invited her to his residence. She then drove to defendant's residence at approximately 4:00 a.m. on Sunday morning. Upon arriving, the victim was greeted by defendant and defendant's friend, John Yancy (Yancy). Defendant told the victim the party had ended; however, she was too tired to drive home and decided to sleep at defendant's residence. The only available bed was defendant's, so defendant, the victim, and Yancy all climbed into defendant's bed, with the victim between defendant and Yancy. Defendant began rubbing the victim's arm and kissing her, but she told defendant "no" and that she was only going to sleep. The victim testified she fell asleep, but awoke with defendant on top of her, pinning her down by her wrists and having vaginal intercourse with her. The victim continually told defendant to stop, but he persisted. She then positioned her legs under defendant and pushed him off of her. Defendant left the room. Yancy, having left the room prior to the alleged rape, then re-entered the room and made sexual advances toward the victim, which she rebuffed. At that point, the victim began crying and Yancy left the room, again. The victim testified she felt "paralyzed" but went back to sleep. She awoke at approximately 9:45 a.m. and left defendant's residence to pack her belongings and return to her college campus in Illinois. Before leaving the state, the victim did not report the incident to law enforcement or inform anyone in North Carolina of her encounter with defendant.

Upon returning to Illinois, the victim shared her experience with three friends, sought medical treatment, and spoke to Officer Ronald Weiss, a law enforcement officer employed by the University of Illinois. Officer Weiss encouraged the victim to file an official report,

which she eventually did. Officer Weiss also informed her that, with proper court authorization, she could tape record her phone conversations with defendant. Officer Weiss obtained the proper documentation allowing the recording, and the victim recorded two conversations with defendant regarding the sexual intercourse that took place between them. These recorded conversations were introduced at trial over defendant's objections. During the conversations, defendant expressed a fear of being arrested and remorse for his actions, but maintained he thought the sexual intercourse was consensual.

During the charge conference, as required by N.C.G.S. § 15A-1231(b), the State requested an instruction on second-degree forcible rape in accordance with the North Carolina Pattern Jury Instructions, which explain the elements of second-degree rape, codified in N.C.G.S. § 14-27.3(a)(1), as follows:

> For you to find the defendant guilty of this offense, the state must prove three things beyond a reasonable doubt:

> First, that the defendant engaged in vaginal intercourse with the victim. Vaginal intercourse is penetration, however slight, of the female sex organ by the male sex organ. (The actual emission of semen is not necessary.)

> Second, that the defendant used or threatened to use force sufficient to overcome any resistance the victim might make. (The force necessary to constitute rape need not be actual physical force. Fear or coercion may take the place of physical force.)

> And Third, that the victim did not consent and it was against her will. (Consent induced by fear is not consent in law.)

> If you find from the evidence beyond a reasonable doubt that on or about the alleged date, the Defendant engaged in vaginal intercourse with the victim and that he did so by force . . . and that this was sufficient to overcome any resistence which the victim might make, and that the victim did not consent and it was against her will . . . it would be your duty to return a verdict of guilty. If you do not so find or if you have a reasonable doubt as to one or more of these things, it would be your duty to return a verdict of not guilty.

1 N.C.P.I.—Crim. 207.20 (2002). Further, the State requested that additional language from this Court's holding in State v. Moorman be

**STATE v. SMITH**

[360 N.C. 341 (2006)]

included with the pattern jury instruction. 320 N.C. 387, 358 S.E.2d 502 (1987). Over defendant's objection, the trial court granted the State's request and gave the following instruction to the jury regarding the elements of second-degree rape:

> The Defendant has been charged with second degree rape. For you to find the Defendant guilty of this offense, the State must prove three things beyond a reasonable doubt.
>
> First, that the Defendant engaged in vaginal intercourse with the victim. Vaginal intercourse is penetration, however slight, of the female sex organ by the male sex organ. The actual emission of semen is not necessary.
>
> Second, that the Defendant used or threatened to use force sufficient to overcome any resistance the victim might make.
>
> And third, that the victim did not consent and it was against her will. *Force and lack of consent are implied in law if at the time of the vaginal intercourse the victim is sleeping or similarly incapacitated.*
>
> If you find from the evidence beyond a reasonable doubt that on or about the alleged date the Defendant engaged in vaginal intercourse with the victim and that he did so by force and that this was sufficient to overcome any resistence which the victim might make, and that the victim did not consent and it was against her will, it would be your duty to return a verdict of guilty.
>
> If you do not so find or if you have a reasonable doubt as to one or more of these things, it would be your duty to return a verdict of not guilty.

(Emphasis added).

After receiving the jury instructions and deliberating, the jury returned a verdict finding defendant guilty of second-degree rape. The trial court sentenced defendant, who had a prior record level I, at the high end of the presumptive range to a minimum of seventy-three months and a maximum of ninety-seven months imprisonment. Defendant appealed his conviction to the Court of Appeals, arguing, *inter alia,* the trial court's jury instruction shifted the burden of proof from the State to the defendant on the third element of lack of

consent for second-degree rape. The Court of Appeals, in a divided decision, agreed with defendant and ordered a new trial. The State filed its appeal of right in this Court based upon the dissenting opinion pursuant to N.C.G.S. § 7A-30(2), arguing that the trial court's jury instructions were proper. We disagree with the State and affirm the Court of Appeals' determination that the instructions in question were inadequate, albeit for different reasons, as explained below.

The elements of second-degree rape are set out in N.C.G.S. § 14-27.3, which provides in part:

(a) A person is guilty of rape in the second degree if the person engages in vaginal intercourse with another person:

(1) By force and against the will of the other person; or

(2) Who is mentally disabled, mentally incapacitated, or physically helpless, and the person performing the act knows or should reasonably know the other person is mentally disabled, mentally incapacitated, or physically helpless.

(b) Any person who commits the offense defined in this section is guilty of a Class C felony.

N.C.G.S. § 14-27.3 (2005). Because vaginal intercourse was undisputed in this case, the remaining elements of second-degree rape at issue were force and lack of consent.

"The Due Process Clause of the Fourteenth Amendment 'protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged.'" *Francis v. Franklin*, 471 U.S. 307, 313 (1985) (quoting *In re Winship*, 397 U.S. 358, 364 (1970)).

A trial court's jury instruction "is for the guidance of the jury." *Sugg v. Baker*, 258 N.C. 333, 335, 128 S.E.2d 595, 597 (1962). Furthermore, the purpose "is to give a clear instruction which applies the law to the evidence in such manner as to assist the jury in understanding the case and in reaching a correct verdict." *State v. Williams*, 280 N.C. 132, 136, 184 S.E.2d 875, 877 (1971). "In a criminal trial the judge has the duty to instruct the jury on the law arising from all the evidence presented." *State v. Moore*, 75 N.C. App. 543, 546, 331 S.E.2d 251, 253, *disc. rev. denied,* 315 N.C. 188, 337 S.E.2d 862-63

(1985). A judge has the obligation "to instruct the jury on every substantive feature of the case." *State v. Mitchell*, 48 N.C. App. 680, 682, 270 S.E.2d 117, 118 (1980).

In reviewing a jury instruction which may be subject to erroneous interpretation, this Court has stated that "we inquire 'whether there is a *reasonable likelihood* that the jury has applied the challenged instruction in a way that violates the Constitution.' " *State v. Jennings*, 333 N.C. 579, 621, 430 S.E.2d 188, 209 (emphasis added) (quoting *Boyde v. California*, 494 U.S. 370, 380 (1990)), quoted in *Estelle v. McGuire*, 502 U.S. 62, 72 & n.4 (1991) (reaffirming the *Boyde* reasonable likelihood standard) *cert. denied* 510 U.S. 1028 (1993). The burden upon the defendant is to "show more than a 'possibility' that the jury applied the instruction in an unconstitutional manner." *Jennings*, 333 N.C. at 621, 430 S.E.2d at 209 (citing *Boyde*, 494 U.S. at 380). In determining whether the defendant has met the reasonable likelihood standard this Court must review the trial court's instruction to the jury " 'in the context of the overall charge.' " *State v. McNeil*, 327 N.C. 388, 392, 395 S.E.2d 106, 109 (1990) (quoting *Cupp v. Naughten*, 414 U.S. 141, 147 (1973)), *cert. denied*, 499 U.S. 942 (1991).

As stated earlier, the jury instruction in the instant case followed the North Carolina Pattern Jury Instruction on second-degree forcible rape with one exception. The trial court, in an accurate statement of the law as it related to the evidence presented[1], added language from this Court's decision in *State v. Moorman*, namely: "Force and lack of consent are implied in law if at the time of the vaginal intercourse the victim is sleeping or similarly incapacitated." 320 N.C. at 392, 358 S.E.2d at 506.

The term "implied in law" means "[i]mposed by operation of law and not because of any inferences that can be drawn from the facts of the case." *Black's Law Dictionary* 770 (8th ed. 2004). Thus, in the context of the case at hand, force and lack of consent were established as a matter of law once the State proved beyond a reasonable doubt that the victim was sleeping or similarly incapacitated at the time of the vaginal intercourse.

Based upon the evidence presented, the jury was called upon to decide who was telling the truth about the victim's being asleep

---

1. Our decision today does not call into question this Court's well-reasoned opinion in *Moorman* which stated: "[S]exual intercourse with [a sleeping or similarly incapacitated] victim is *ipso facto* rape." 320 N.C. at 392, 358 S.E.2d at 506.

when vaginal intercourse was initiated. "[I]t is the province of the jury . . . to assess and determine witness credibility." *State v. Hyatt*, 355 N.C. 642, 666, 566 S.E.2d 61, 77 (2002), *cert. denied*, 537 U.S. 1133 (2003). We find that there is a reasonable likelihood the jury believed that if they credited the victim's testimony, then, as a matter of law, force and lack of consent existed. Consequently, the jury would then impermissibly find that the State had proved the elements of second-degree rape and that the defendant was guilty. It is critical that the jury not stop its inquiry upon finding the victim's version of the events was more believable than defendant's. A jury in a criminal prosecution finding, by the greater weight of the evidence, that the victim's account is true is inadequate. Because the burden of proof is beyond a reasonable doubt, if properly instructed, the jury could believe the victim's version of the events more likely than not transpired, yet still acquit the defendant because of a reasonable doubt.

Force and lack of consent can only be implied in law if the State proves, beyond a reasonable doubt, that the victim was sleeping at the time of the vaginal intercourse. Because, in the case at hand, the jury's determination that the victim was sleeping satisfied two elements of the crime, whether the victim was asleep is the determinative fact in question and the crux of the State's prosecution. Accordingly, when a jury's role becomes so limited in a criminal prosecution, it is imperative that the jurors be instructed that they must find the solitary fact, which satisfies multiple elements of the crime, beyond a reasonable doubt. Thus, there is a reasonable likelihood that the jury misapplied the instruction in this case because it was not informed it had to find the basic fact of sleeping beyond a reasonable doubt.

When considering the context of the instructions as a whole, we acknowledge that the trial court did instruct the jury that in order to find the defendant guilty, the State must prove the three elements of second-degree rape beyond a reasonable doubt. However, those statements were not specifically tailored to the disputed fact of sleeping.

The trial court's jury instruction did not clearly emphasize the State's burden to prove beyond a reasonable doubt that the victim was asleep, thus satisfying the force and lack of consent elements of second-degree rape under N.C.G.S. § 14-27.3(a)(1). There is a reasonable likelihood that the jury applied the instruction in a manner that impermissibly and unconstitutionally lessened the State's burden of

proof. Even if inadvertent, the trial court's failure to properly instruct the jury constitutes error and warrants a new trial.

MODIFIED AND AFFIRMED.

Justice TIMMONS-GOODSON did not participate in the consideration or decision of this case.