STATE OF NORTH CAROLINA
v.
DENA INEZ MINTON.
No. COA06-1566
Court of Appeals of North Carolina.
Filed October 2, 2007
This case not for publication
Attorney General Roy Cooper, by Special Deputy Attorney General W. Dale Talbert, for the State.
Kevin P. Bradley for Defendant.
STEPHENS, Judge.
Defendant appeals from the trial court's judgments sentencing her to a minimum of 269 months in prison after a jury convicted her of one count of attempted first-degree murder and one count of assault with a deadly weapon with intent to kill inflicting serious injury . We find no error.
A lengthy recitation of the evidence presented at trial is not necessary for an understanding of the sole question raised on appeal. Defendant is one of four children of Fred Linny Minton, who died on 18 August 2004 . A dispute arose among the siblings about the handling of Mr. Minton's funeral arrangements. During a gathering of Mr. Minton's friends and relatives on 20 August 2004, Defendant shot her brother four times . At trial, Defendant admitted intentionally shooting her brother, but testified that she did so in self-defense after her brother assaulted her .
The sole question presented for our review is whether the trial court's instruction to the jury on the offense of attempted first-degree murder relieved the State of its burden to prove an element of the crime beyond a reasonable doubt.
The State has the burden of proving each element of a criminal offense beyond a reasonable doubt. State v. Smith, 360 N.C. 341, 626 S.E.2d 258 (2006). "The elements of attempted first-degree murder are: (1) a specific intent to kill another; (2) an overt act calculated to carry out that intent, which goes beyond mere preparation; (3) malice, premeditation, and deliberation accompanying the act; and (4) failure to complete the intended killing." State v. Tirado, 358 N.C. 551, 579, 599 S.E.2d 515, 534 (2004), cert. denied, 544 U.S. 909, 161 L. Ed. 2d 285 (2005). When error in the trial court's charge to the jury is alleged,
this Court reviews jury instructions contextually and in their entirety. If the instructions "present[] the law of the case in such a manner as to leave no reasonable cause to believe the jury was misled or misinformed," then they will be held to be sufficient. The appealing party must demonstrate that the error in the instructions was likely to mislead the jury.
State v. Crow, 175 N.C. App. 119, 127, 623 S.E.2d 68, 73 (2005) (internal citations omitted),disc. review denied, 360 N.C. 485, 632 S.E.2d 495 (2006).
The trial court instructed the jury on the element of malice as follows: If the State proves beyond a reasonable doubt or it is admitted that the Defendant intentionally inflicted a wound upon the victim with a deadly weapon, you may infer, first, that the Defendant acted unlawfully and, second, that it was done with malice, but you're not compelled to do so. You may consider this, along with all other facts and circumstances, in determining whether the Defendant acted unlawfully and with malice. . . .
(Emphasis added). Defendant contends that the inclusion of the words "or it is admitted" relieved the State of its burden to prove beyond a reasonable doubt that Defendant acted with malice. Specifically, Defendant argues that the trial court's jury instructions "allow[ed] the jury to infer malice from [her] admissions made only in the context of her claim of self-defense. . . [and] permitted the jury to conclude that malice was established upon their rejection of the claim of self-defense." We are unpersuaded.
Initially, we note that our Supreme Court has held that "[t]he instruction, `or it is admitted,' should not be given in a case where the defendant does not in open court admit to an intentional shooting." State v. McCoy, 303 N.C. 1, 29, 277 S.E.2d 515, 535 (1981); see also State v. Shuford, 337 N.C. 641, 447 S.E.2d 742 (1994) (finding no error in trial court's instruction which included "or it is admitted" where defendant, charged with murder, admitted shooting the victim, but claimed he shot in self-defense). In the case at bar, Defendant admitted in open court that she intentionally shot her brother. Moreover, viewing the instructions contextually and in their entirety, the instructions presented the law of the case in such a manner as to leave no reasonable cause to believe the jury was misled or misinformed. The court began its charge by instructing the jury that "[i]n order to obtain a conviction, the State must prove to you that the Defendant is guilty beyond a reasonable doubt." The court then defined reasonable doubt. In charging the jury on attempted first-degree murder and on self-defense as a defense to that crime, the trial court followed the language of the pattern jury instruction. N.C.P.I. Crim. 206.17A (2003). Specifically, the trial court charged, inter alia,
in order for you to find the Defendant guilty of attempted first-degree murder, the State must prove beyond a reasonable doubt  among other things, the State must prove that the Defendant did not act in self-defense. If the State fails to prove that the Defendant did not act in self-defense, then you must find the Defendant not guilty [of attempted first-degree murder].
The trial court concluded its attempted first-degree murder instruction as follows:
If you find from the evidence beyond a reasonable doubt that on or about the alleged date the Defendant intentionally, and not in self-defense, attempted to kill the victim . . . with a deadly weapon and perform an act or acts designed to bring this about but which fell short of the completed crime and which, in the ordinary and likely course of things, would have proximately resulted in the death of [the victim] had she not been stopped or prevented from completing her apparent course of action, and that in performing this act the Defendant acted with malice, with premeditation and deliberation, then it would be your duty to return a verdict of guilty of attempted first-degree murder . . . .
If you do not so find or if you have a reasonable doubt as to one or more of these things, then it would be your duty to return a verdict of not guilty as to [the charge].
We presume the jury followed the trial court's instructions. State v. Miller, 357 N.C. 583, 588 S.E.2d 857 (2003), cert. denied, 542 U.S. 941, 159 L. Ed. 2d 819 (2004). We conclude the instructions as given were not likely to mislead the jury.
We need not address Defendant's contention that the trial court somehow "linked" its instruction on self-defense to the crime of attempted first-degree murder with its instruction on self-defense to the crime of assault with a deadly weapon with intent to kill inflicting serious injury . Defendant neither objected at trial nor assigned error on appeal to either self-defense instruction, and Defendant does not contend that either instruction amounted to plain error. N.C. R. App. P. 10.
NO ERROR.
Judges McGEE and SMITH concur.
Report per Rule 30(e).