IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA22-866

Filed 3 October 2023

Cumberland County, No. 21 CRS 52924

STATE OF NORTH CAROLINA

v.

ANGELA BENITA PHILLIPS, Defendant.

Appeal by Defendant from judgment entered 11 May 2022 by Judge James F. Ammons, Jr. in Cumberland County Superior Court. Heard in the Court of Appeals on 26 April 2023.

*Attorney General Joshua H. Stein, by Assistant Attorneys General John P. Barkley & Hyrum J. Hemingway, for the State.*

*Reece & Reece, by Mary McCullers Reece, for Defendant-Appellant.*

CARPENTER, Judge.

Angela Benita Phillips ("Defendant") appeals from judgment after a jury convicted her of assault with a deadly weapon inflicting serious injury. On appeal, Defendant argues the trial court erroneously instructed the jury by including an instruction on the prohibition of excessive force. After careful review, we agree with Defendant. We vacate the trial court's judgment and remand for a new trial.

## I.    Factual & Procedural Background

On 4 April 2021, after a verbal altercation between Defendant and Latonya Dunlap ("Victim"), Defendant shot Victim. On 22 June 2021, a Cumberland County

grand jury indicted Defendant for assault with a deadly weapon inflicting serious injury. On 9 May 2022, the State tried this case before a jury and the Honorable James Ammons, Jr. in Cumberland County Superior Court.

At trial, witnesses testified that the altercation began with Victim entering Defendant's front porch and ended with Defendant shooting Victim while she was on Defendant's front porch. During the charge conference, Defendant requested the trial court provide North Carolina Pattern Jury Instruction-Criminal ("NCPJI") 308.80 to the jury. NCPJI 308.80 is an instruction on self-defense, specifically, self-defense within a defendant's home. The trial court granted the request but modified NCPJI 308.80 to include language prohibiting the use of "excessive force." Over Defendant's objection, the trial court instructed the jury with the modified charge. On 11 May 2022, the jury found Defendant guilty of assault with a deadly weapon inflicting serious injury. Defendant orally appealed in open court.

## II.    Jurisdiction

This Court has jurisdiction under N.C. Gen. Stat. § 15A-1444(a) (2021).

## III.    Issue

The issue on appeal is whether the trial court erroneously instructed the jury by including an instruction on the prohibition of excessive force.

## IV.    Analysis

This Court reviews the legality of jury instructions de novo. *State v. Barron*, 202 N.C. App. 686, 694, 690 S.E.2d 22, 29 (2010). "'Under a *de novo* review, th[is

C]ourt considers the matter anew and freely substitutes its own judgment' for that of the lower tribunal." *State v. Williams*, 362 N.C. 628, 632–33, 669 S.E.2d 290, 294 (2008) (quoting *In re Greens of Pine Glen, Ltd. P'ship*, 356 N.C. 642, 647, 576 S.E.2d 316, 319 (2003)).

An erroneous jury instruction "is prejudicial and requires a new trial only if 'there is a reasonable possibility that, had the error in question not been committed, a different result would have been reached at the trial out of which the appeal arises.'" *State v. Castaneda*, 196 N.C. App. 109, 116, 674 S.E.2d 707, 712 (2009) (quoting N.C. Gen. Stat. § 15A-1443(a)).

North Carolina General Statute section 14-51.2 is colloquially known as the Castle Doctrine. Under the Castle Doctrine:

> the lawful occupant of a home . . . is presumed to have held a reasonable fear of imminent death or serious bodily harm. . . when using defensive force that is intended or likely to cause death or serious bodily harm to another if both of the following apply: (1) The person against whom the defensive force was used was in the process of unlawfully and forcefully entering, or had unlawfully and forcibly entered, a home . . . . (2) The person who uses defensive force knew or had reason to believe that an unlawful and forcible entry or unlawful and forcible act was occurring or had occurred.

N.C. Gen. Stat. § 14-51.2(b) (2021). In other words, it is presumed that an occupant of a home may use deadly force to prevent an intruder from entering the home if the occupant reasonably believed the intruder was trying to unlawfully enter the home. *See id*. This presumption, however, is rebuttable. *Id*. § 14-51.2(c). For example, an

occupant cannot use deadly force if the intruder has "discontinued all efforts to unlawfully and forcefully enter the home." *Id*. § 14-51.2(c)(5).

In Castle Doctrine scenarios, excessive force[1] is not prohibited. *See id*. § 14-51.2(b). Indeed, the Castle Doctrine allows an occupant to use the ultimate force when defending his or her home: "force that is intended or likely to cause death." *Id*. And under the Castle Doctrine, the ultimate force is presumed necessary unless the presumption is rebutted. *See id*.

North Carolina has a "Stand Your Ground" Doctrine, as well: N.C. Gen. Stat. § 14-51.3 (2021). *See State v. Walker*, 286 N.C. App. 438, 448, 880 S.E.2d 731, 739 (2022) (labeling N.C. Gen. Stat. § 14-51.3 the "stand your ground" statute). Section 14-51.3 states:

> A person is justified in using force, except deadly force, against another when and to the extent that the person reasonably believes that the conduct is necessary to defend himself or herself or another against the other's imminent use of unlawful force. However, a person is justified in the use of deadly force and does not have a duty to retreat in any place he or she has the lawful right to be if either of the following applies: (1) He or she reasonably believes that such force is necessary to prevent imminent death or great bodily harm to himself or herself or another. (2) Under the circumstances permitted pursuant to [the Castle Doctrine].

N.C. Gen. Stat. § 14-51.3(a). In other words, if a person is in a legally occupied place, that person need not retreat and may use deadly force if he or she "reasonably

---

[1] Excessive force is force that exceeds what reasonably appears necessary for self-defense. *See State v. Shoemaker*, 80 N.C. App. 95, 102, 341 S.E.2d 603, 608 (1986).

believes that such force is necessary to prevent imminent death or great bodily harm to himself or herself or another." *See id.* The Stand Your Ground Doctrine overlaps with the Castle Doctrine because the Stand Your Ground Doctrine also applies in Castle Doctrine scenarios, i.e., self-defense situations within the home. *See id.* So if the Castle Doctrine presumption applies, deadly force is presumed necessary, and you need not retreat. *See id.* Said differently: If you reasonably believe an intruder is unlawfully entering your home, you have a presumed right to use deadly force under the Castle Doctrine, *id.* § 14-51.2(b), and you need not retreat under the Stand Your Ground Doctrine, *id.* § 14-51.3(a).

In *State v. Benner*, the North Carolina Supreme Court discussed both doctrines and contemplated the possibility of excessive force. 380 N.C. 621, 638, 869 S.E.2d 199, 210 (2022). In *Benner*, the defendant shot and killed the victim while the victim was in the defendant's home. *Id.* at 625, 869 S.E.2d at 202. A jury convicted the defendant of first-degree murder, and the defendant appealed, arguing the trial court erred by failing to give him a "complete self-defense instruction." *Id.* at 629, 869 S.E.2d at 205. The Court analyzed both section 14-51.2 and section 14-51.3 and stated that it is a:

> well-established legal principle that, even though a defendant attacked in his own home is entitled to stand his ground, to repel force with force, and to increase his force, so as not only to resist, but also to overcome the assault, such an entitlement would not excuse the defendant if he used excessive force in repelling the assault.

*Id.* at 636, 869 S.E.2d at 209 (*purgandum*). The Court continued: "the proportionality rule inherent in the requirement that the defendant not use excessive force continues to exist even in instances in which a defendant is entitled to stand his or her ground." *Id.* at 636, 869 S.E.2d at 209.

Although the *Benner* Court addressed an in-home self-defense scenario, its excessive-force language pertained only to the Stand Your Ground Doctrine. *See id.* at 636, 869 S.E.2d at 209. As mentioned, the Stand Your Ground Doctrine applies to in-home scenarios, N.C. Gen. Stat. § 14-51.3(a), and the *Benner* Court spoke in Stand Your Ground terms: "the proportionality rule inherent in the requirement that the defendant not use excessive force continues to exist even in instances in which a defendant is entitled to *stand his or her ground*," *Benner*, 380 N.C. at 636, 869 S.E.2d at 209 (emphasis added).

In *Walker*, this Court discussed *Benner* and stated: "That decision makes clear that the use of deadly force cannot be excessive and must still be proportional even when the defendant has no duty to retreat and is entitled to *stand his ground . . . .*" *Walker*, 286 N.C. App. at 447, 880 S.E.2d at 738 (emphasis added). In other words, the *Benner* prohibition of excessive force concerns the Stand Your Ground Doctrine, not the Castle Doctrine. *See id.* at 447, 880 S.E.2d at 738. We agree.

This Court went on to compare the Castle Doctrine and the Stand Your Ground Doctrine. We said, "the castle doctrine statute does not obviate the proportionality requirement inherent to lethal self-defense; instead, it simply presumes that the

proportionality requirement is satisfied under specific circumstances." *Id*. at 448, 880 S.E.2d at 739. Then concerning the Stand Your Ground Doctrine, we said the defendant "could use deadly force against the victim under Subsection 14-51.3(a) *only* if it was necessary to prevent imminent death or great bodily harm, i.e., if it was proportional." *Id*. at 449, 880 S.E.2d at 739.

Put together: Under the Castle Doctrine, excessive force is impossible unless the State rebuts the Castle Doctrine presumption, but under the Stand Your Ground Doctrine, excessive force is possible if the defendant acts disproportionately. *See id*. at 448–49, 880 S.E.2d at 739. So in Castle Doctrine scenarios, unless the State rebuts the Castle Doctrine presumption, a jury cannot find that a defendant used excessive force. *See id*. at 448–49, 880 S.E.2d at 739.

Here, the trial court instructed the jury based on NCPJI 308.80, but added the following language:

> A defendant does not have the right to use excessive force. The defendant had the right to use only such force as reasonably appeared necessary to the defendant under the circumstances to protect the defendant from death or great bodily harm. In making this determination you should consider the circumstances as you find them to exist from the evidence including the size, age, and strength of the defendant as compared to the victim; the fierceness of any assault upon the defendant; and whether the victim possessed a weapon.

Defendant argues the trial court's jury instruction incorrectly stated the law by including language explaining the excessive-force prohibition. Defendant argues

the Castle Doctrine provides her with a rebuttable presumption that deadly force is authorized, and since no force exceeds deadly force, excessive force is impossible where the State fails to rebut the presumption. We agree with Defendant.

Here, when the trial court conclusively stated that "[D]efendant does not have the right to use excessive force," the trial court concluded that the State rebutted the Castle Doctrine presumption. But whether the State successfully rebutted the Castle Doctrine presumption was for the jury to decide, as a matter of fact, and the remainder of the equation was a matter of law. *See* N.C. Gen. Stat. § 14-51.2(b). If the jury determined the question of fact—whether deadly force was authorized because the State failed to rebut the presumption—in the affirmative, Defendant, as a matter of law, did not use excessive force when she shot Victim. *See id.*

The trial court could have instructed the jury this way: If the State rebutted the Castle Doctrine presumption, Defendant could not use excessive force to protect herself; but if the State failed to rebut the presumption, the proportionality of Defendant's force was irrelevant. *See id.* Therefore, the trial court erred by categorically stating that Defendant "d[id] not have the right to use excessive force." *See id.* If this case only concerned the Stand Your Ground Doctrine, the excessive-force instruction may have sufficed. *See Benner*, 380 N.C. at 636, 869 S.E.2d at 209. But because this case concerns the Castle Doctrine, the excessive-force instruction was erroneous. *See* N.C. Gen. Stat. § 14-51.2(b).

Further, by stating that Defendant "d[id] not have the right to use excessive force," it is probable that the trial court confused the jury. Indeed, shortly after the trial court instructed the jury, a juror asked the court if it could "repeat the last," to which the court replied, "[i]t is confusing." A special verdict form may have helped the jury discern the nuanced issues arising from the different self-defense doctrines.

Because the trial court's instruction was both erroneous and confusing, there is a reasonable possibility that the jury would have reached a different result if it received a proper instruction. *See Castaneda,* 196 N.C. App. at 116, 674 S.E.2d at 712. Thus, Defendant was prejudiced by the instruction and is therefore entitled to a new trial. *See id.* at 116, 674 S.E.2d at 712.

## V.    Conclusion

We hold the trial court erred when it instructed the jury, and there was a reasonable possibility of a different result had the trial court correctly instructed the jury. Therefore, we vacate the trial court's judgment and remand for a new trial.

VACATED AND REMANDED.

Judge STADING concurs.

Judge HAMPSON dissents in a separate opinion.

HAMPSON, Judge, dissenting.

The Castle Doctrine, applied as a *statutory* defense, must be viewed in the context of the statutory scheme in which it is found and read together with its accompanying statutes. *See* N.C. Gen. Stat. § 14-51.2 (Home, workplace, and motor vehicle protection; presumption of fear of death or serious bodily harm.); N.C. Gen. Stat. § 14-51.3 (Use of force in defense of person; relief from criminal or civil liability); N.C. Gen. Stat. § 14-51.4 (Justification for defensive force not available). It is not a stand-alone defense but is rather integrated into a defense of justification—or the right to stand one's ground—in defense of person or property. Specifically, N.C. Gen. Stat. § 14-51.3 first provides: "A person is justified in using force, except deadly force, against another when and to the extent that the person reasonably believes that the conduct is necessary to defend himself or herself or another against the other's imminent use of unlawful force." N.C. Gen. Stat. § 14-51.3(a). That statute further provides two instances where deadly force may be justified:

> a person is justified in the use of deadly force and does not have a duty to retreat in any place he or she has the lawful right to be if either of the following applies:
>
> (1) He or she reasonably believes that such force is necessary to prevent imminent death or great bodily harm to himself or herself or another.
>
> (2) Under the circumstances permitted pursuant to G.S. 14-51.2.

*Id.* These subsections, together, create the basis for the so-called "Stand-Your-

Ground" defense. Both rely on a central unifying principle for justifying the use of deadly force in defense of person or property: the person "reasonably believes that such force is necessary to prevent imminent death or great bodily harm[.]" N.C. Gen. Stat. § 14-51.3(a)(1). Unlike subsection 1, however, under subsection 2—by reference to section 14-51.2—when a lawful occupant of a home, motor vehicle, or workplace knowingly applies deadly force in defense against an unlawful breaking or entering or removal of a person, the lawful occupant is entitled to a presumption that they reasonably feared imminent death or serious bodily harm. N.C. Gen. Stat. § 14-51.2(b) As such, both subsections apply the same "reasonable belief" standard, but under subsection 2, the lawful occupant's belief is presumptively reasonable unless and until the State overcomes that presumption.

Indeed, we have previously observed the Castle Doctrine Statute—N.C. Gen. Stat. § 14-51.2—"functions by creating a presumption of reasonable fear of imminent death or serious bodily harm in favor of a lawful occupant of a home, which in turn justifies the occupant's use of deadly force." *State v. Austin*, 279 N.C. App. 377, 382, 865 S.E.2d 350, 355, *rev. denied*, 871 S.E.2d 519 (N.C. 2022). While N.C. Gen. Stat. § 14-51.2 provides the same self-defense protections to one acting in defense of person or property, it broadens the traditional notion of self-defense by removing the burden from a defendant to prove key elements of traditional self-defense. *Id.* at 380, 865 S.E.2d at 353.

In effect, this provision eliminates the needs for lawful

> occupants of a home to show that they reasonably believed
> the use of deadly force was necessary to prevent imminent
> death or serious bodily injury to themselves or others—a
> requirement of traditional self-defense. Instead, that belief
> is presumed when the statutory criteria are satisfied.

*Id*. at 382-83, 865 S.E.2d at 355.

Hence, the Castle Doctrine Statute "simply provides that a lawful occupant of a home, workplace, or motor vehicle is entitled to a rebuttable presumption that deadly force is reasonable when used against someone who had or was unlawfully breaking into that location or kidnapping someone from that location." *State v. Walker*, 286 N.C. App. 438, 448, 880 S.E.2d 731, 739, *rev. denied* 887 S.E.2d 879 (N.C. 2023). "In other words, the castle doctrine statute does not obviate the proportionality requirement inherent to lethal self-defense; instead, it simply presumes that the proportionality requirement is satisfied under specific circumstances." *Id*. Moreover, "the castle doctrine's rebuttable presumption is not limited to the five scenarios listed in the statute." *Austin*, 279 N.C. App. at 384, 865 S.E.2d at 356. Viewed correctly, "the castle doctrine . . . is effectively a burden-shifting provision, creating a presumption in favor of the defendant that can then be rebutted by the State." *Id*. "[I]f the State presents substantial evidence from which a reasonable juror could conclude that a defendant did not have a reasonable fear of imminent death or serious bodily harm, the State can overcome the presumption and create a fact question for the jury." *Id*.

This is consistent with how our State Supreme Court has applied the stand-

3

your-ground principles. Indeed, our Supreme Court continues to acknowledge that the statutory Castle Doctrine Defense and Stand-Your-Ground laws track consistently with the respective common law defenses including: "the well-established legal principle that, even though a defendant attacked in his own home is ' "entitled to stand his ground, to repel force with force, and to increase his force, so as not only to resist, but also to overcome the assault," ' such an entitlement ' "would not excuse the defendant if he used excessive force in repelling the assault," ' " *State v. Benner*, 380 N.C. 621, 636, 869 S.E.2d 199, 209 (2022) (quoting *State v. Francis*, 252 N.C. 57, 60, 112 S.E.2d 756, 758 (1960)).[2]

Furthermore, here, while Defendant contends the trial court erred by giving the "excessive force" instruction, Defendant's argument ignores the trial court's repeated instructions squarely placing the burden of proof to overcome the defense of habitation on the State. "We examine the instructions 'as a whole' to determine if they present the law 'fairly and clearly' to the jury." *Austin*, 279 N.C. App. at 385, 865 S.E.2d at 356 (quoting *State v. Chandler*, 342 N.C. 742, 751–52, 467 S.E.2d 636, 641 (1996)). "The purpose of a jury instruction 'is to give a clear instruction which

---

[2] The majority is, of course, correct that both *Benner* and *Walker* discuss these principles in terms of "stand-your-ground" and not expressly in terms of defense of habitation. However, I see that as an outgrowth of the fact that the justification defenses of the statutory Castle Doctrine and defense of person both fall under the umbrella of a Stand-Your-Ground law. The statutory Castle Doctrine simply provides an additional protection to the lawful occupant of a dwelling, vehicle or workplace and places the burden on the State to overcome the presumption.

applies the law to the evidence in such manner as to assist the jury in understanding the case and in reaching a correct verdict.'" *Id.* (quoting *State v. Smith*, 360 N.C. 341, 346, 626 S.E.2d 258, 261 (2006). "An error in jury instructions 'is prejudicial and requires a new trial only if there is a reasonable possibility that, had the error in question not been committed, a different result would have been reached at the trial.'" *Id.* (quoting *State v. Dilworth*, 274 N.C. App. 57, 61, 851 S.E.2d 406, 409 (2020).

In this case, the trial court instructed the jury, "If the defendant assaulted the victim to prevent a forcible entry into the defendant's home or to terminate the intruder's unlawful entry the defendant's actions are excused and the defendant is not guilty." "The State has the burden of proving to you from the evidence beyond a reasonable doubt that the defendant did not act in lawful defense of the defendant's home." After listing the circumstances in which Defendant would be justified in using deadly force, the trial court further explained: "A lawful occupant within a home does not have a duty to retreat from an intruder in these circumstances. Furthermore, a person who unlawfully and by force enters or attempts to enter a person's home is presumed to be doing so with the intent to commit an unlawful act involving force or violence." The trial court then instructed specifically on the elements of the Castle Doctrine statute:

> In addition, absent evidence to the contrary, the lawful occupant of a home is presumed to have held a reasonable fear of imminent death or serious harm to herself or others when using defensive force that is intended or likely to cause death or serious bodily harm to another if both of the

5

> following apply. The person against whom the defensive force was used was in the process of unlawfully and forcefully entering, or had unlawfully and forcibly entered, a home or if that person had removed or was attempting to remove another person against that person's will from the home, and two, that the person who uses the defensive force knew or had reason to believe that an unlawful and forceful entry or forcible act was occurring or had occurred.

In charging the jury on returning its verdict on the offenses submitted, the trial court instructed: "If you find from a reasonable doubt that the Defendant assaulted the victim, you may return a verdict of guilty only if the State has also satisfied you beyond a reasonable doubt that the defendant did not act in lawful defense of the defendant's home." "If you do not so find or have a reasonable doubt about whether the State has proved any one or more of these things that the defendant would be justified in defending the home, it would be your duty to return a verdict of not guilty." Critically, Defendant does not contend the trial court erred in any of these instructions. Taken as a whole, the trial court's instructions adequately applied the law to the evidence, emphasized the Castle Doctrine presumption, and mandated the jury place the burden of proof on the State to prove Defendant was not justified in the use of deadly force in the face of an intruder—such that there is not a reasonable possibility, on the facts of this case, that the jury would have returned a different verdict.

Here, Defendant was entitled to the statutory Castle Doctrine presumption. Likewise, the State was entitled to attempt to rebut that presumption; including

6

through evidence Defendant did not actually have a reasonable fear of imminent death or serious bodily harm and the force exercised by Defendant was, in fact, excessive under the factual circumstances of this case. *See Austin*, 279 N.C. App. at 384, 865 S.E.2d at 356. Thus, the trial court's instruction on excessive force was not erroneous. Therefore, there was no error at trial. Consequently, Defendant is not entitled to a new trial. Accordingly, I respectfully dissent.