IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA24-291

Filed 21 May 2025

Forsyth County, Nos. 20CRS058087-330, 21CRS000447-330

STATE OF NORTH CAROLINA

v.

NATHAN TYLER MONTGOMERY

Appeal by Defendant from judgment entered 16 June 2022 by Judge L. Todd Burke in Forsyth County Superior Court. Heard in the Court of Appeals 18 March 2025.

*Attorney General Jeff Jackson, by Special Deputy Attorney General Eric. R. Hunt, for the State-Appellee.*

*MK Mann Law, by Mikayla Mann, for Defendant-Appellant.*

COLLINS, Judge.

Defendant Nathan T. Montgomery appeals from a judgment entered upon a jury's guilty verdict of felonious operation of a motor vehicle to elude arrest and his plea of guilty to attaining habitual felon status. Defendant argues that the trial court erred by denying his motion to dismiss for insufficient evidence and plainly erred because its charge to the jury was confusing. Because the State presented sufficient evidence of each essential element of the offense, and because the trial court's jury instruction as a whole was correct, we find no error.

## I.     Background

Defendant was indicted on 7 June 2021 for felonious operation of a motor vehicle to elude arrest and assault with a deadly weapon on a government officer. The case came for trial on 13 June 2022, and the State's evidence at trial tended to show the following:

On the evening of 8 August 2020, Officer Scott Wallace of the Winston-Salem Police Department was working off-duty at a construction site. The construction workers were re-paving a portion of Peters Creek Parkway, located in Winston-Salem. Officer Wallace, in uniform and in his marked patrol vehicle, was assigned to help with lane closures and security.

The construction workers had placed several signs leading up to and around the construction zone indicating that the right lane of Peters Creek Parkway was closed to regular traffic. Other indicators included Officer Wallace's patrol vehicle, which had its blue lights activated; construction workers working on foot; orange cones; and flashing orange lights from various construction vehicles. At the time of the incident, there were approximately five construction workers out on foot. Another construction worker was operating a paving machine, actively paving the road.

At approximately 1:40 a.m., Officer Wallace was sitting in his patrol vehicle when he heard yelling from the construction workers and saw Defendant drive a red pickup truck into the closed lane. Officer Wallace drove toward the truck and initiated a traffic stop. As he exited his patrol vehicle to approach the driver's side of

the truck, Defendant began slowly driving the truck forward. Officer Wallace ran to keep up with Defendant and shined his flashlight into the truck to get Defendant's attention. Once he caught up with Defendant, Officer Wallace asked Defendant to provide his driver's license. Defendant refused and stated that "he was just going to back out of the situation." Officer Wallace ordered Defendant not to move his truck, but Defendant began driving his truck in reverse.

Officer Wallace ran alongside Defendant's truck and ordered him to stop driving. Defendant ignored Officer Wallace's commands. In an attempt to get Defendant to stop the truck, Officer Wallace reached into the open driver's side window and struck Defendant in the face. Defendant, however, continued driving in reverse, slowly increasing his speed as he drove. As he accelerated, Defendant ran over Officer Wallace's foot with his truck's front tire. The front panel of Defendant's truck struck Officer Wallace in the hip and thigh, causing Officer Wallace to fall to the ground.

Defendant continued driving in reverse, in the wrong direction and in the lane closed to regular traffic. As he approached the entrance to the construction zone, Defendant quickly made a "J-turn" and fled the scene. Officer Wallace estimated that while backing out of the construction zone, Defendant's speed increased from around five miles per hour to approximately fifteen miles per hour.

After Defendant fled, a construction worker gave Officer Wallace a photograph he had taken of the license plate on Defendant's truck. Officer Wallace used the

license plate to identify and locate Defendant.

The jury convicted Defendant of felonious operation of a motor vehicle to elude arrest and found him not guilty of assault with a deadly weapon on a government officer. Defendant pled guilty to attaining habitual felon status, and the trial court sentenced him to 67 to 93 months in prison. Defendant appeals.

## II.    Discussion

### A.  Defendant's Motion to Dismiss

Defendant first argues that the trial court erred by denying his motion to dismiss the charge of felonious operation of a motor vehicle to elude arrest because the State failed to present sufficient evidence that Defendant engaged in reckless driving at the time of the offense. This argument lacks merit.

When reviewing a motion to dismiss for insufficient evidence, we must determine "whether there is substantial evidence (1) of each essential element of the offense charged and (2) that defendant is the perpetrator of the offense." *State v. Lynch*, 327 N.C. 210, 215 (1990) (citation omitted). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *State v. Bradshaw*, 366 N.C. 90, 93 (2012) (citation omitted). Evidence is to be viewed "in the light most favorable to the State, drawing all reasonable inferences in the State's favor." *State v. Miller*, 363 N.C. 96, 98 (2009) (citation omitted). "[S]o long as the evidence supports a reasonable inference of the defendant's guilt, a motion to dismiss is properly denied even though the evidence

also permits a reasonable inference of the defendant's innocence." *Id.* at 99 (quotation marks and citation omitted).

"Whether the State presented substantial evidence of each essential element of the offense is a question of law; therefore, we review the denial of a motion to dismiss de novo." *State v. Tucker*, 380 N.C. 234, 236 (2022) (citation omitted). Under a de novo review, "the court considers the matter anew and freely substitutes its own judgment for that of the trial court." *State v. McVay*, 287 N.C. App. 293, 296 (2022) (citation omitted).

It is a misdemeanor "for any person to operate a motor vehicle on a street, highway, or public vehicular area while fleeing or attempting to elude a law enforcement officer who is in the lawful performance of his duties." N.C. Gen. Stat. § 20-141.5(a) (2023). The crime is upgraded to a felony if two or more aggravating factors "are present at the time the violation occurs." N.C. Gen. Stat. § 20-141.5(b) (2023). Several aggravating factors are enumerated in the statute, including "[r]eckless driving as proscribed by [N.G. Gen. Stat. §] 20-140" and "[d]riving when the person's drivers license is revoked." *Id.* Reckless driving is defined as driving any vehicle on a highway or public vehicular area "carelessly and heedlessly in willful or wanton disregard of the rights or safety of others" or "without due caution and . . . in a manner so as to endanger or be likely to endanger any person or property[.]" N.C. Gen. Stat. § 20-140 (2023).

Here, viewing the evidence in the light most favorable to the State, sufficient

evidence of reckless driving was presented. The evidence indicates that Defendant drove into a lane closed to regular traffic where multiple construction workers were working on foot and another worker was actively operating a paving machine. Defendant repeatedly disregarded Officer Wallace's commands after Officer Wallace initiated a traffic stop. Defendant then drove his truck in reverse in the construction zone, going the wrong direction, increasing his speed as he drove. In doing so, Defendant ran over Officer Wallace's foot with the front tire of his truck and struck Officer Wallace in the hip and thigh with the front panel of his truck. When viewed in the light most favorable to the State, this evidence indicates that Defendant operated his vehicle carelessly in a willful "disregard of the rights or safety of others" and "in a manner so as to endanger or be likely to endanger any person or property." *Id.*

Accordingly, as the State presented sufficient evidence of each element of felonious operation of a motor vehicle to elude arrest, the trial court did not err by denying Defendant's motion to dismiss.

**B. Jury Instructions**

Defendant next argues that the trial court plainly erred "by providing confusing jury instructions" that "failed to adequately convey the difference between the aggravating factor that was stipulated to and the one that had to be proven during trial."

Defendant failed to object to the trial court's jury instructions, and his

argument is therefore unpreserved. *See* N.C. R. App. P. 10(a)(1). However, "unpreserved issues related to jury instructions are reviewed under a plain error standard" so long as the defendant "specifically and distinctly" argues plain error on appeal. *State v. Collington*, 375 N.C. 401, 410 (2020) (citations omitted); N.C. R. App. P. 10(a)(4). Because Defendant specifically argues that the jury instructions here were plainly erroneous, we will review the trial court's jury instructions for plain error.

Under the plain error standard of review,

> a defendant must demonstrate that a fundamental error occurred at trial. To show that an error was fundamental, a defendant must establish prejudice—that, after examination of the entire record, the error had a probable impact on the jury's finding that the defendant was guilty. Moreover, because plain error is to be applied cautiously and only in the exceptional case, the error will often be one that seriously affect[s] the fairness, integrity or public reputation of judicial proceedings[.]

*State v. Lawrence*, 365 N.C. 506, 518 (2012) (quotation marks and citations omitted).

When instructing the jury, the trial court's "purpose is to give a clear instruction which applies the law to the evidence in such a manner as to assist the jury in understanding the case and in reaching a correct verdict." *State v. Smith*, 360 N.C. 341, 346 (2006) (quotation marks and citation omitted). A trial court's instruction is to be viewed in its entirety; this Court "will not hold a portion of the charge prejudicial if the charge as a whole is correct." *State v. Fowler*, 353 N.C. 599, 624 (2001) (citation omitted). So long as the trial court's instruction "presents the

law fairly and clearly to the jury, the fact that some expressions, standing alone, might be considered erroneous will afford no ground for reversal." *State v. Rich*, 351 N.C. 386, 393-94 (2000) (citation omitted). "Furthermore, to constitute plain error, the challenged instruction must result in a miscarriage of justice or the probability of a different verdict than the jury would otherwise have reached." *Fowler*, 353 N.C. at 624 (citation omitted).

As explained above, operation of a motor vehicle to elude arrest is upgraded from a misdemeanor to a felony if the State proves the existence of two or more aggravating factors. N.C. Gen. Stat. § 20-141.5(b). Two of the enumerated aggravating factors include "[r]eckless driving as proscribed by [N.G. Gen. Stat. §] 20-140" and "[d]riving when the person's drivers license is revoked." *Id.*

Here, because Defendant stipulated that his license was revoked, the State only had to prove beyond a reasonable doubt that Defendant was driving recklessly at the time of the incident for the offense to get upgraded to a felony. At the beginning of its charge to the jury, the trial court explained,

> You're going to be determining whether the defendant is guilty of felony flee to elude arrest. . . . But, [] if certain elements have not been proven, you will be determining whether the defendant is guilty of a misdemeanor of flee to elude arrest[.]
>
> . . . .
>
> As far as the flee to elude arrest, if the defendant is operating a vehicle while his license is revoked, if his driving is reckless, then that rises it to the level of a

- 8 -

felony . . . .

. . . And as far as the flee to elude arrest, ladies and gentlemen, *the State has no burden of proving to you that the defendant's license was revoked.* That element has been deemed proven because the defense and the State have agreed, the defendant agreed that his license was revoked, so the State doesn't have to prove that particular element beyond a reasonable doubt because it's already deemed proven, but the circumstance as it concerns the driving, whether it was reckless, *the burden is still on the State to prove to you beyond a reasonable doubt that the defendant's driving was reckless* as it concerns the charge of flee to elude arrest.

(emphasis added).

After explaining this to the jury, the trial court utilized the Pattern Jury Instructions for the offense of felonious operation of a motor vehicle to elude arrest and instructed the jury as follows:

The defendant has been charged with felonious operation of a motor vehicle to elude arrest. For you to find the defendant guilty of this offense, the State must prove four things beyond a reasonable doubt.

First, that the defendant was operating a motor vehicle.

Second, that the defendant was operating that motor vehicle on a street, highway, a public vehicular area in Forsyth County.

Third, that the defendant was fleeing and attempting to elude a law enforcement officer who was in lawful performance of his duties. . . .

And four, that two or more of the following factors were present at that time: That the defendant's driving was reckless; that the defendant drove the vehicle in a reckless manner, and that in doing so, he acted carelessly and

heedlessly in willful or wanton disregard of the rights and safety of others. And what is deemed to have already been proven, what the defendant has agreed to, his license was in a state of revocation. The State does not have to prove that element beyond a reasonable doubt because it is agreed and is stipulated that the defendant was driving that vehicle while his license was in a state of revocation.

The trial court's instructions are correct as a matter of law and clearly explain that the State had the burden of proving reckless driving beyond a reasonable doubt. The trial court properly instructed that Defendant will be guilty of a felony "if the defendant is operating a vehicle while his license is revoked, [and] if his driving is reckless." The trial court explained that if one of those two factors cannot be established, Defendant would be convicted of "only misdemeanor flee to elude arrest." The trial court then clearly articulated that "the State has no burden of proving to you that the defendant's license was revoked," but that "the burden is still on the State to prove to you beyond a reasonable doubt that the defendant's driving was reckless[.]" The trial court instructed the jury several times on this issue, and at each point the instruction clearly articulated what the jury would have to find in order to convict Defendant of felonious operation of a motor vehicle to elude arrest.

Although the jury asked for clarification regarding "the differences between felony and misdemeanors for each charge," its inquiry does not render the trial court's instructions erroneous. In response to the jury's question, the trial court further clarified the requirements for felony flee to elude arrest in this case:

For it to be a felony flee to elude arrest, the State also has

the burden of proving beyond a reasonable doubt that at the time the defendant was operating the vehicle, his license was revoked. Now, that already been deemed proven. The State doesn't have to put on evidence. The defendant, his counsel, they agreed, yes, my license was revoked. They don't have to put on evidence as to that element. It's deemed already proven. There's an agreement. There's a stipulation, yes, my license was revoked.

But they have to prove 2, and the second one is that his license -- that his driving was reckless. So they have proven one. His license was revoked by a stipulation by agreement. The other that the State has to prove beyond a reasonable doubt, that the manner in which the defendant was operating his vehicle was careless and reckless.

The trial court then repeated its instruction for the charge of felonious operation of a motor vehicle to elude arrest, again utilizing the Pattern Jury Instructions.

Taken as a whole, the trial court's instruction to the jury on felonious operation of a motor vehicle to elude arrest is correct. It accurately and fairly articulated the legal standard for the offense and explained that while the State did have the burden of proving that Defendant was driving recklessly, it did not have to prove that Defendant's license was revoked. Accordingly, the trial court did not err, much less plainly err, in its instructions to the jury.

## III. Conclusion

For the foregoing reasons, we find no error.

NO ERROR.

Judge STROUD and ZACHARY concur.